TOWN OF HAZLEHURST *v.* CUMBERLAND TELEPHONE AND TELE-
GRAPH COMPANY.

PLEADINGS.    *Causes of action.    Misjoinder.    Code* 1892, § 671.    *General
demurrer.*

A declaration which in one of its counts states a cause of action
distinctly *ex contractu* and in another a cause of action distinctly
*ex delicto* is subject to a general demurrer. A misjoinder of
causes of action is not warranted by Code 1892, § 671, abolishing
forms of action.

FROM the circuit court of Copiah county.

HON. DAVID M. MILLER, Judge.

The town of Hazlehurst, appellant, was plaintiff in the court
below; the telephone company, appellee, was defendant there.
From a judgment sustaining a general demurrer to the decla-
ration and dismissing the suit, plaintiff appealed to the supreme
court. The demurrer assigned a misjoinder of causes of action,
among other grounds, and when it was sustained the plaintiff
declined to amend the declaration.

*Robert B. Mayes,* for appellant.

It will be noted by the court that the declaration in this cause
contains two counts, in one of which the defendants are sued
for a breach of their contract with the town; and in the second
count, they are sued for the value of the use of the streets of
the town without reference to contract. The object of bringing
this suit in this way is: First, to get damages for the breach
of contract in case the court holds that the contract was a valid
one; and second, in case the court holds that the contract is not
a valid contract, then to obtain a reasonable sum for the use
of the valuable privileges thus enjoyed by the defendant com-
pany.

It is urged by counsel for appellee in his demurrer that the declaration shall be dismissed for the reason that these two counts cannot be joined, and in support of this proposition he cites the case of *Elder* v. *Hilzheim,* 35 Miss., 231. It will be seen on an examination of this decision in the first place that the case does not support the contention of counsel, and in the second place, that that case was decided in 1860 before the passage of the code of 1892 (and code of 1871 prior to that time), abolishing all forms of action. All that is necessary in a declaration, according to Code 1892, § 671, is that the declaration contain a statement of the facts constituting the cause of action, and if the declaration, or any part of it, whether it be contained in one count, or two counts, on the whole, shows a good cause of action, then it is no objection what the form may be or how many counts be inserted in it. As our court has aptly expressed it in the case of *Miller* v. *Wesson,* 58 Miss., 831: "Each of several counts of a declaration is as distinct from the others as if in a separate declaration, except as it may refer to another in express terms, and the several counts must be tried as if they were independent suits." Again, it is said in § 671 of the code of 1892: "It shall not be an objection to maintaining any action that the form thereof should have been different." It will be observed that the case in 35 Miss., relied on by counsel in support of his contentions, in the first place, does not sustain it, and in the next, if it did, it was decided under code of 1857, Art. 78, p. 491, which had not abolished the distinctions between forms of action.

*J. S. Sexton,* for appellee.

There can be no doubt that the first count in the declaration is in form *ex contractu,* and that the second count is in form *ex delicto,* in reference to which Chitty on Pleadings announced the rule as follows: "But in order to prevent the confusion which must ensue in different forms of action, requiring different pleas and different judgments, and of a different nature,

were allowed to be joined in one action, it is a general rule that actions in form *ex contractu* cannot be joined with those in form *ex delicto*. Thus assumpsit cannot be joined with case or trover, nor trover with detinue, etc." Chitty on Pleadings (16th A., ed.), 222.

"Actions *ex contractu* and *ex delicto*. The common law procedure inhibits the joinder of causes of actions *ex contractu* and those *ex delicto*, etc." 1 Enc. P. & P., 170, par. 9 and note. *Elder* v. *Hilzheim*, 35 Miss., 244.

Section 664 of the code of 1892 has reference to the "nonjoinder or misjoinder of plaintiffs." Section 665 has reference to the "nonjoinder or misjoinder of defendants." Section 671 code does not warrant the joinder of separate and distinct causes of action in one suit, when their natures are so variant as in this case.

Calhoon, J., delivered the opinion of the court.

The first count of the declaration is on a cause of action distinctly *ex contractu*. The second is one distinctly *ex delicto*. Here is, therefore, a misjoinder of causes of action, and a general demurrer to the whole declaration was properly sustained. 1 Enc. of Pl. and Pr., 194, 195, 196, and notes; Chitty's Pl. (16th ed.), *228. Our code does not change this. Since this of itself disposes of the case before us, we do not decide other questions raised.

*Affirmed.*