YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* JOHN.W. WALLACE.

[43 South., 469.]

1. CONSTITUTIONAL LAW. *Courts. Supreme court. Original and appellate jurisdiction. New trials. Excessive verdicts. Remittiturs. Code 1906, § 4910.*

Code 1906, § 4910, purporting to deprive the circuit courts of power to grant defendants new trials for excessive verdicts and to authorize the supreme court alone to require remittiturs, is unconstitutional:—

(*a*) It denies a defendant the right to have a complete disposition of his case in a forum provided by the organic law for the administration of justice to all; and ·

(*b*) It undertakes to confer original jurisdiction on the supreme court to which under the constitution appellate jurisdiction alone belongs.

2. RAILROADS. *Constitution 1890, sec. 193. Pleadings. Misjoinder of causes of action.*

In a suit against a railroad corporation a common law cause of action for the company's negligence in failing to furnish a safe road bed and machinery cannot be joined in the same count of a declaration with a cause of action arising from the negligence of plaintiff's fellow servants, under Constitution 1890, sec. 193, since they are inconsistent.

FROM the circuit court of Yazoo county.

HON. DAVID M. MILLER, Judge.

Wallace, appellee, was plaintiff in the court below; the railroad company, appellant, was defendant there. From a judgment in plaintiff's favor, defendant appealed to the supreme court.

90 Miss.—39

The plaintiff, Wallace, while in the discharge of his duty as a brakeman of the defendant railroad company, was riding upon the pilot of a gravel train, the engine of which, in the temporary absence of the engineer, was being operated by the fireman. The engine and train were approaching a railroad crossing which had been recently repaired, and, according to the evidence offered for the plaintiff, raised too high between the rails. Plaintiff, in order to give a signal to the fireman in charge of the engine, undertook to cross from one side of the pilot to the other, stepping upon a small V-shaped stepping board on the side of the pilot. While plaintiff was standing on this board, only four inches wide, the engine reached the crossing, and plaintiff's foot was caught between the foot of the pilot and the road bed and he was thrown under the engine, and severely injured, losing both legs. Plaintiff sued the railroad company for $50,000 because of his injuries, charging that the engine was negligently left in the charge of the fireman, that the road bed was defective, the pilot improperly constructed and the end of the pilot too low; all of which defects were proximate causes of the injury. The defendant's demurrer to the declaration was overruled.

The jury returned a verdict in favor of the plaintiff for the sum of $50,000, the full amount demanded and from a judgment based thereon, the railroad company appealed to the supreme court.

On overruling the defendant's motion for a new trial the presiding judge stated that the verdict of the jury was probably too large to stand, but that under Code 1906, § 4910, the circuit court had no power to interfere with the amount of the verdict.

*Mayes & Longstreet; C. L. Sivley,* and *C. N. Burch,* for appellant.

We submit, first, that the court erred in overruling the demurrer to the declaration.

This declaration clearly fell within the rule established by this court in the case of *Railroad Company* v. *Abrams,* 84 Miss., 456, 36 South. Rep., 542, where it was declared that a declaration with but one count, and embracing two wholly independent grounds of liability is indefensible. The declaration here is a long one. An analysis will show that the liability by the whole declaration is placed on various grounds, each independent of the other, and each, if established by the evidence, sufficient to make the company liable without regard to the other; and some of these grounds are of common law obligation, while others derive their force from the constitution and its subsequent legislation.

The declaration, in fact, places the liability, *all in one count,* on the following grounds:

1. Because the road bed, especially at the crossing, was defectively constructed in two different particulars: one being the improper elevation of the surface between the rails, the other being a low joint (and in the *evidence,* plaintiff put the responsibility for this on Maynor, the supervisor).

2. Because of a defective appliance; being the sagging pilot.

3. Because of a defective appliance; being the bad air brake.

4. Because the conductor abandoned his train, leaving it to be run by an incompetent fireman, about whose competency he had not informed himself.

5. Because the engineer abandoned his train, leaving the same to be run by an incompetent fireman.

6. Because the company, acting through its conductor as its representative, put its train into the hands of an incompetent fireman, without informing itself as to his competency.

We, therefore, insist that under the rule expounded in the *Abrams case,* the demurrer to the declaration should have been sustained. The averments of the declaration are to be construed in this connection, most strongly against the plaintiff.

See *Railway Co.* v. *Burnell,* 36 South, 380, cited and followed in the *Abrams case, supra.*

The court below should have set aside or have reduced the verdict, because it was excessive, and oppressive; and to such an extent as to show prejudice and passion in the jury; the verdict being "for the full amount claimed, $50,000."

The bill of exceptions shows that the presiding judge said that the verdict of the jury was large and doubtless too large to stand, but the said presiding judge considered that under § 4910 of the Code of 1906 he had no power to interfere with the verdict, and overruled the motion for a new trial.

This statement in the bills of exceptions, duly signed by the presiding judge, clearly means that he was prevented from reducing the verdict by sec. 4910. It can mean nothing else.

We are, therefore, confronted by a question of the constitutionality of that section, which takes away from the circuit court the power of ordering a remittitur. We submit that the section violates both sec. 14 and sec. 31 of the Mississippi constitution, also secs. 144 and 156; and also amendment fourteen of the constitution of the United States which forbids any state to deprive any person of property without due process of law.

It will be observed that the prohibition of this section is universal. It says "the circuit court shall not *in any case* have the authority, etc."

It applies to suits on contracts, as well as to actions *ex delicto,* and even to actions for statutory penalties.

It applies to suits for liquidated and fixed amounts, as well as to those for unliquidated damages.

It applies to verdicts rendered, even when there may be no evidence whatever to sustain the amount found, and is not limited to cases in which there is difference in the evidence.

It is one-sided and unequal, since it does not equally prohibit the court from setting aside a verdict because it is too low; thus giving *all* the protection to the plaintiff and none to the defendant.

It, therefore, plainly invades both the constitutional power of the judiciary and the constitutional rights of the citizen.

It is an invasion of the right of trial by jury.

" 'Trial by Jury,' in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by jury of twelve men before an officer vested with authority to cause them to be summoned and impaneled to administer oaths to them and to the constable in charge, and to enter judgment and to issue execution on their verdict, but it is a trial by a jury of twelve men in the presence and under the superintendence of a judge empowered to instruct them on the facts and (except on acquittal of a criminal charge) to set aside their verdict if, in his opinion, it is against the law or the evidence." *Capital Traction Co.* v. *Hof.,* 174 U. S., 1; *Howe* v. *Raymond,* 74 Conn., 68; *Hodges* v. *Kimball,* 104 Fed., 745, 749; *In re Brenner,* 70 N. Y. Supp., 744, 748, 35 Misc. Rep., 212.

Section 38 of the Bill of Rights, declaring "that the right of a trial by jury as heretofore enjoyed shall remain inviolate," means that all the substantial incidents and consequences which pertain to the right of trial by jury are beyond the reach of hostile legislation, and are preserved in their ancient, substantial extent as existing at common law. *State* v. *Winthrow,* 133 Mo., 500; *Arbuckle* v. *State,* 80 Miss., 15, 31 South., 437.

*Cassedy & Cassedy,* and *Henry, Barbour & Henry,* for appellee.

[The briefs of counsel for appellee were misplaced or lost from the record before the same reached the reporter, hence no synopsis of either of them is given.]

Argued orally by *C. L. Sivley,* and *Edward Mayes,* for appellant, and by *J. F. Barbour,* and *J. W. Cassedy,* for appellee.

CALHOON, J., delivered the opinion of the court.

One of the grounds of the motion for a new trial is that the verdict was excessive. In overruling it the circuit court said: "The verdict was large, and doubtless too large to stand; but, under § 4910 of the Code of 1906, it had no power *to interfere with the amount of the verdict.*" This, we think, was very clearly a ruling that that section is constitutional and within the power of legislative enactment. If this be not absolutely true, and we think it is, it must then be certain that the circuit court refused to adjudicate that ground of the motion. In this event the result of our deliberations must be the same, because the people, in the organic law, have given us only appellate powers. We can act only in review of the record presentations of what is done, or not done, or refused to be adjudicated. We can and should reverse in those cases alone where, in our judgment, there is reversible error in what is done, or omitted, or declined to be decided in the court of original jurisdiction.

Section 4910 of the Code of 1906 is this (italics being ours):

"The circuit court shall not *in any case* have the authority to cause the plaintiff to enter a remittitur on pain of suffering a new trial, but if there is *no other error* committed during the trial of any such cause *except* that the verdict is, in the opinion of the court, *excessive,* the court *shall overrule the defendant's* motion for a new trial. But the supreme court may, *where it thinks* the verdict of the jury excessive, reverse the case unless the *appellee* will enter a remittitur in such sum as the supreme court shall direct."

This statute is plainly unconstitutional and void. It is for the benefit of plaintiffs. It shuts out defendants from having complete and final disposition of their rights in a forum provided by the organic law for all, and into which they have been forced by plaintiffs. It compels them to appeal, which otherwise they might not wish to do, and then concludes with a clause, as a salve, by attempting, in the very face of the con-

stitution, to give the supreme court original, instead of mere appellate, jurisdiction. It works only against the defendant litigant. If the verdict against him be for too much, he must bear the injustice; but note, if it be for too little, the favored plaintiff is not concluded, but may move for new trial. If the jury gave too much, by a miscalculation of the amount due on a promissory note, the defendant must suffer or appeal. He must do this, even if the verdict be without any sort of support in the evidence. No other than the monstrous conclusions above indicated can be drawn from this act. Even in matters of libel, though the constitution itself provides that the "jury shall determine the law and the facts," it was careful to add "under the direction of the court." Such a clause as sec. 4910 would hardly have received a vote in a convention of the people to adopt a constitution. If adopted by such a convention, it would probably be void as in conflict with the constitution of the United States, which forbids the deprivation of property "without due process of law." Our own constitution provides (sec. 31) that "the right of trial by jury shall remain inviolate." When this was adopted, "trial by jury" meant a trial in court under the forms of law, with a judge presiding to direct the proceedings in conformity with it. Twelve men in the woods or on a street corner were not imagined.

The demurrer to the declaration should have been sustained. Antagonistic causes of action should not be allowed in one count. Plaintiffs are not restricted in the number of counts, but may not join in one common-law causes as to unsafe ways and appliances with causes arising from the negligence of fellow servants under sec. 193 of our constitution. They are inconsistent. *I. C. R. R.* v. *Abrams,* 84 Miss., 456, 36 South., 542.

We decide only what we have stated. There are other serious matters, but it is hardly possible they can arise on any other trial.

*Reversed and remanded.*

WHITFIELD, C. J., delivered the following specially concurring opinion: It was not for the legislature to infringe upon the judicial power vested in the circuit courts. On behalf of the code commissioners who prepared the Mississippi Code of 1906, I desire to say that § 4910 here involved, and § 4811 of the Code, are nonsense written therein by legislative blundering. The commission disclaims any responsibility for their most extraordinary blunders.