MISSISSIPPI EASTERN RAILWAY COMPANY *v.* WYMOND COOPERAGE COMPANY.

## [46 South., 557.]

1. JURY TRIAL. *New trial. Passion or prejudice of jurors.*

In an action for damages against a railroad company for the destruction of property by fire negligently allowed to escape from defendant's locomotive, the return by the jury of a verdict in these words, "We the jury find the defendant guilty as charged," does not, of itself, evidence that the jury was prompted by malice or prejudice.

2. CONSTITUTIONAL LAW. *Courts. Supreme court. Original and appellate jurisdiction. New trials. Excessive verdicts. Remittiturs. Code* 1906, § 4910.

Code 1906, § 4910, purporting to deprive the circuit courts of power to grant defendants new trials for excessive verdicts and to authorize the supreme court alone to require remittiturs, is unconstitutional. *Yazoo, etc., R. R. Co. v. Wallace,* 90 Miss., 609, 43 South., 469.

FROM the circuit court of Clarke county.

HON. ROBERT F. COCHRAN, Judge.

The Wymond Cooperage Company, appellee, was the plaintiff in the court below, and the Mississippi Eastern Railway Company, appellant, was defendant there. From a judgment in favor of the plaintiff the defendant appealed to the supreme court.

The opinion of the court states the facts. The code section, Code 1906, § 4910, referred to in the opinion, and in a former decision (*Yazoo, etc., R. R. Co. v. Wallace,* 90 Miss., 609) declared unconstitutional, read thus: "The circuit court shall not in any case have the authority to cause the plaintiff to enter a remittitur on pain of suffering a new trial, but if there is no other error committed during the trial of any such cause except that the verdict is, in the opinion of the court, excessive, the court shall overrule the defendant's motion for a new trial.

But the supreme court may, when it thinks the verdict of the jury excessive, reverse the case unless the appellee will enter a remittitur in such sum as the supreme court shall direct.".

*Miller & Baskin* and *S. R. Terral,* for appellant.

The verdict of the jury was grossly excessive and evinced absolute ignorance of the issue being tried.   It is impossible to account for the verdict except on the grounds of illiteracy or of intense prejudice against the appellant.

We are fully advised of, and do not mean to question, the general rule that a jury's verdict will not be disturbed by the appellate court, unless it be shown to be manifestly erroneous. But certainly the rule, like all others, has exceptions; and the verdict in this case is not controlled by the rule, for the reason that the jury were so ignorant that they did not know they were trying a civil suit, but thought they were trying a criminal action against the appellant, and, following their prejudices, they returned a verdict of "guilty as charged." Surely this court will not respect such a verdict.

The court below was evidently so impressed with the fact that the jury's verdict was grossly excessive, that it gave, on the hearing of the appellant's motion for a new trial, a certificate to the effect that a new trial would have been granted but for Code 1906, § 4910.

At the time of the trial in the court below, the opinion in the case of *Yazoo, etc., R. R. Co.* v. *Wallace,* 90 Miss., 609, 43 South., 469, holding the section unconstitutional, had not been rendered.   Under this decision the judgment of the lower court must be reversed and the cause remanded.

*H. R. Stone,* for appellee.

That the appellant negligently set fire to the property is shown by the preponderance of the evidence, and the jury's verdict of liability must stand.

While the jury's verdict was not in proper form when first

rendered, the court promptly sent them back to cure the imma-
terial defect. This was allowable under Code 1906, § 780, pro-
viding that a jury's verdict may be reformed if the verdict is
not responsive to the issue. The subsequent verdict was proper;
and the fact that the jury found for the full amount claimed in
the declaration did not show malice or prejudice.

*Witherspoon* & *Witherspoon,* on the same side.

The questions of negligence and contributory negligence are
for the jury, not the court, to decide. That the railroad company
was clearly in fault is fully shown by the evidence.

The jury's verdict, as finally corrected by them after having
been sent back to their room to correct the language of their
finding, was manifestly correct. Code 1906, §§ 779, 780.

Argued orally by *C. C. Miller* and *W. E. Baskin,* for appel-
lant and by *S. A. Witherspoon,* for appellee.

MAYES, J., delivered the opinion of the court.

This case is unique in some of its features. It is a suit for
damages by the Samuel Wymond Cooperage Company against
the Mississippi Eastern Railway Company, growing out of the
alleged negligence of the railway company in setting fire to a
large quantity of staves and headings belonging to the cooperage
company stacked along the side of and near the railway com-
pany's track. After the testimony was all in and the instruc-
tions read and arguments made to the jury, the jury, seemingly
forgetful of the issues they were trying, retired and returned
the verdict, "We, the jury, find the defendant guilty as charg-
ed," whereupon they were sent back by the court for the pur-
pose of returning a proper verdict, and returned another ver-
dict for the plaintiff, assessing damages at the full amount sued
for in the declaration. It is contended that this verdict returned
by the jury was itself evidence that the finding of the jury was
prompted by malice and prejudice, and ought to suffice to set

aside the verdict of the jury.  We cannot agree as to this contention on part of counsel.

One of the grounds of the motion for a new trial is that the verdict was excessive.  The court overruled the motion, and in doing so said: "I am convinced that the verdict is wrong as to the amount of damages awarded.  If the statute did not prohibit me from doing so, I would demand a remittitur of at least three-eighths of the damages awarded, or grant a new trial; but in my opinion the statute will not permit me to do that.  I do not believe the plaintiff or its counsel believe that plaintiff ought to have recovered the amount allowed by the jury.  The court, the jury, and all counsel engaged in the case made an examination of the headings on the ground, which in view of the testimony previously introduced, demonstrated beyond the shadow of a doubt that the amount of damages was excessive."  It is for this reason that the court overruled the motion, conceiving that Code 1906, § 4910, prevented the trial court from compelling a remittitur.  This case was tried before the decision of this court in the case of *Yazoo, etc., R. R. Co.* v. *Wallace,* 90 Miss., 609, 43 South., 469.

It is equally manifest to us that the damage awarded by the jury in this case is excessive, but in the confused condition in which we find the testimony relative to the actual amount of damages sustained by the cooperage company it is impossible for us to say exactly what amount should be remitted; but, even if this were not the case, it is shown that the court declined to act on this ground of the motion for a new trial, and it therefore falls within the rule laid down in the case of *Yazoo, etc., R. R. Co.* v. *Wallace, supra.*

*Reversed and remanded.*