## FOWLKES v. HARDIN.

[68 South. 468.]

APPEAL AND ERROR. *Disposition of case. Rendering final judgment.*
   Where plaintiff was entitled to a peremptory instruction for the
   full amount sued for but such instruction· was refused by the
   trial court, and the jury rendered a verdict in his favor for a
   less amount, the supreme court on appeal will render judgment
   in his favor for the full amount sued for.

APPEAL from the circuit court of Calhoun county.
Hon. H. K. MAHON, Judge.

Suit by H. H. Fowlkes against W. H. Hardin. From
a judgment for plaintiff for an insufficient amount he
appeals.

Appellant, plaintiff in the court below, filed suit
against appellee, a member of the partnership firm of
Creighton & Hardin, who were engaged in the retail
drug business. This firm employed appellant as a clerk,
and afterwards the partnership was dissolved, and ap-
pellant was left without a position. This suit is based
upon the alleged failure of the firm to pay appellant the
full amount of salary due him by virtue of this employ-
ment; appellant claiming that at the time the business
was dissolved the firm owed him a balance of three
hundred and fifty-six dollars and twenty cents. There
were several pleas and replications filed, none of which
are material to the issue here.

Appellant asked for a peremptory instruction for
the full amount claimed by him, which was refused.
The case went to the jury, and they found a verdict
in appellant's favor in the sum of two hundred dollars.
In the trial of this cause it nas not contended that the
amount sued for was incorrect; the case being tried
on several issues denying the debt *in toto*. From the
judgment of two hundred dollars in his favor, appel-

lant prosecutes this appeal, and contends that he is entitled to recover, if anything at all, the full amount sued for.

*Haman & Bates,* for appellant.

The uncontradicted proof is that the plaintiff is entitled to recover the sum of three hundred and fifty-six dollars and twenty cents with interest at the rate of six per cent per annum from October 20, 1908, to date with costs. The books show this; the evidence of plaintiff is clear. The ridiculous statement of Dr. Hardin that plaintiff was paid when Creighton charged himself with this item of salary is no evidence to support the plea of payment. No one says that the sum mentioned is incorrect; the fact is it is practically conceded by Hardin, but he has the hardihood to claim that it has been paid—it would be a great hold to lots of citizens if this manner of payment could be established.

We respectfully pray this court to set aside the verdict of the jury and the judgment of the lower court and enter up judgment for the appellant here for the sum claimed herein. If this cannot be done we ask that the case be reversed and remanded on the issue of the damages. The jury has decided that the appellee is liable but have failed to award proper damages.

SMITH, C. J., delivered the opinion of the court.

The court below should have granted appellant's request for an instruction charging the jury to find for him "for the sum of three hundred fifty-six dollars and twenty cents with interest at the rate of six per cent per annum from October 20, 1908," to the 28th day of March, 1913.

*Reversed, and judgment here.*