BEDDINGFIELD ET AL. *v.* NEW ORLEANS & N. E. R. CO.

[70 South. 402.]

1. RELEASE. *Limited release. Effect. Master and servant. Injuries: to servant. Pleading. Declaration. Cure by verdict. Statute of jeofails. Demurrer. Necessity to assign grounds. Statute.*
   Where the release of an injured servant to the master, was not. a general release, but a limited one, covering only such damages. as resulted to him from the bruising of his shoulder, such a release did not cover other injuries which were unknown to the parties at the time the release was executed.

2. MASTER AND SERVANT. *Injuries to servant. Pleading. Declaration.*
   Where in a suit by the heirs of a servant for injuries caused by being struck by the head of a hammer, the declaration alleged. that the master "negligently and carelessly furnished the said. Joe Smith (plaintiff's fellow servant, who was striking a chisel which plaintiff's intestate held), with a sledge hammer to be used in cutting off the top of bolts, the handle of which. hammer was defective in this, that it was shivered and shattered, which caused said sledge hammer to be and was loose on the handle." Such a declaration was not defective in not alleging that the hammer was loose on the handle or that the handle was. shivered and shattered when furnished for use by the master.

3. PLEADING. *Declaration. Cure by verdict. Statute of joefails.*
   While it is true that in an action by the heirs for the death of a servant, the allegation in the declaration that plaintiffs were:

the heirs, and only heirs at law of decedent, was a mere conclusion of law, such defect was cured by verdict under Code 1906, section 808, regulating what defects in pleading are cured by verdict.

4. PLEADING. *Demurrer. Necessity to assign grounds. Statute.*
Where a declaration was defective in such a way, as to be curable under Code 1906, section 808, by verdict, such defect could be availed of by demurrer only when specifically assigned as a ground thereof, under section 754, which provides that when a demurrer shall be interposed, the court shall not regard any defect in the pleadings, except such as shall be assigned for causes of demurrer, unless something so essential to the action or defense be omitted that judgment according to law and the right of the cause cannot be given.

APPEAL from the circuit court of Lauderdale county.
HON. J. L. BUCKLEY, Judge.

Suit by H. H. Beddingfield and another against the New Orleans Northeastern Railroad Company. From a judgment sustaining a demurrer to the replication, plaintiff appeals.

Appellants filed their declaration in the court below for damages caused by the death of their brother, W. H. Beddingfield, alleging in their declaration that they were his only heirs at law, and that their said brother was injured by the defective tools, implements, and appliances of the defendant negligently and carelessly furnished to him and his co-worker, Smith, alleging that on September 11, 1911, he and Smith had been ordered to cut off the top of a bolt under a car, and that he held a cold chisel against said bolt while Smith struck said chisel with a ten pound sledge hammer, and that said sledge hammer was so defective that it flew from the handle and struck Beddington in the shoulder, breaking the bones, causing degeneration of the spinal cord and nervous system and kidney trouble, which directly caused his death on May 13, 1913. The defense pleaded by the railroad company is a release signed by the injured man on October 20, 1911, which is as follows:

"In consideration of the sum of twenty three and fifteen one hundredths dollars, to me paid by the New Orleans

and North Eastern Railroad Company, the receipt where-
of is hereby acknowledged, I hereby release and acquit
said company of all claims by reason of injuries sustained
by me at Meridian, Mississippi, on the 20th day of Sep-
tember A. D. 1911, by the head of a maul coming off and
striking me on the shoulder blade, bruising same, the
same being settlement in full of any and all claims I have
against the said company, arising out of, or in any way
connected with said injury or accident.''

Appellees filed a replication in which they alleged that
the injuries complained of in the declaration were un-
known both to the deceased and to the defendant at the
time that the release was executed, and were not in con-
templation of the parties at the time said release was
signed. To this replication defendant filed a demurrer,
which was sustained by the court, and the plaintiffs ap-
peal.

*Cochran & McCants,* for appellants.

The sole question involved in this appeal is a proper
construction of a release pleaded by the appellee.

It is alleged in plaintiff's declaration that ''A hammer
or maul, being negligently and carelessly handled by the
appellee came off the handle thereof, shivered, shattered,
and loose thereon as aforesad, and with great power and
force struck the said W. H. Beddingfield on the scapular
or shoulder blade of his right shoulder, and shattered
the bone of said shoulder, and thereby then and there
caused a degeneration of the spinal cord and nervous
system, and a degeneration of the right kidney of the
said W. H. Beddingfield, which directly caused his death
on the 13th day of May, 1913.''

The appellee pleaded as a bar to a recovery the fol-
lowing release:

''In consideration of the the sum of twenty-three dol-
lars and fifteen cents to me paid by the New Or-
leans & Northeastern Railroad Company, the receipt

whereof is hereby acknowledged, I hereby release and acquit said company of all claims by reason of injury sustained by me at Meridian, Mississippi, on the 20th day of September, A. D. 1911, by the head of the maul coming off and striking me on the shoulder blade, bruising same, the same being settlement in full of any and all claims I have against said company arising out of, or in any way connected with said injury or accident."·

To the special plea setting up the above release, appellant replied:

"And the plaintiffs as to the special plea of the defendants by it above pleaded say that they, the plaintiffs, by reason of anything contained in said plea ought not to be barred from having their aforesaid action, because, they say, that the said W. H. Beddingfield, deceased, did not demand of the defendant the sum of twenty-three dollars and fifteen cents in settlement and satisfaction of the injury received as alleged in said declaration; and plantiffs further say that the injuries alleged in said declaration were unknown both to the said W. H. Beddingfield, deceased, and to the defendant, at the time it is alleged said pretended release was executed, and were not in contemplation of the parties when said pretended settlement is alleged to have been made. Plaintiffs further say that said pretended release was made without any consideration, and is void, and this the plaintiffs are ready to verify."

To the above replication the appellee demurred, and the demurral was sustained by the court, and the case dismissed. The court based its judgment solely upon the case of the *Alabama & Vicksburg Railway Company* v. *Henry Turnbull,* 71 Miss. 1029. The court will observe at a glance that that authority had no sort of application to the case before the court. The question involved in the Turnbull case was solely a question of misrepresentation and fraud, and no such question was before the court when we endeavored to get the court's construction of the release. The error became imbedded in the court's

mind, and all the artillery of all the authorities we could produce did not and could not dislodge the error.

The court will observe that the injuries complained of in the declaration were not the injuries released, although they were injuries received at the same time, by the negligence of the appellee, and which were not known and were not within the contemplation of the parties when the release was executed.

The plaintiff came to his death as a result of the injuries set forth in the declaration, and it is perfectly manifest that no sane person would receive, as the price of his life, the pitiful sum of twenty-three dollars and fifteen cents, and that no railroad corporation claiming to be decent and respectable would shock the conscience of all reasonable persons by paying such a price for a human life.

We desire in the outset to call the court's attention to the last five words of the release, as follows: "With said injury or accident." "Said injury" manifestly refers to the injury set out in a previous part of the release, and "injury" is used synonymously with "accident." "Or" in its ordinary and proper sense, is a disjunctive particle, and will be so construed unless there be something in the context to give it a different meaning." *Oxsheer* v. *Watt*, 91 Texas 402.

"The word 'or' is often used to express an alternative of terms, definition or explanation of the same thing in different words. The word 'or' as used in a judgment against parties named therein 'or such of them as are now survivors,' was used to explain the meaning of the preceding clause, and the same persons were meant by both, and therefore a judgment was valid against the survivors." *Downs* v. *Allen*, 22 Fed. 805, 809.

There are two classes of releases, a general release and a limited release. A general release is rarely brought before a court for a construction; but in a limited release there is a particular recital or an enumeration of in-

juries, and a release of this character is frequently be-
fore the courts for construction.

The question usually involved in a limited release is
whether or not the particular recitals restrict or con-
trol general clauses.

The release pleaded in the instant case is a limited re-
lease, and it is our contention that only the injuries re-
cited or enumerated were released; the only injury re-
leased was a bruised shoulder, and that is quite different
from an injury that shatters the shoulder blade, wrecks
the nervous system, resulting in death. *Ramsden* v. *Hul-
ton,* 2 Vs. Sr. 304-309; *Union Pacific R. R. Co.* v. *Artist,*
60 Fed. 365; *Jackson* v. *Stackhouse,* 1 Cow. 122, 126 and
the cases cited; 2 Pars. Cont. 633, note.

In *Lumley* v. *Wabash R. Co.,* 76 Fed. 66, Judge LUR-
TON, said: "We put our judgment upon the facts stated
in this bill, to wit, that both parties supposed complain-
ant had received injuries, the extent and character of
which were considered and discussed with reference to
the time which the injured party would probably lose in
consequence thereof. In such a case, if a release is given
specifically mentioning the particular injuries known and
considered as the basis of settlement, general language
following will be held not to include a particular injury
then unknown to both parties of a character so serious
as to clearly indicate that, if it had been known, the re-
lease would not have been signed. This jurisdiction is
well known, and has frequently been applied in cases
of release affecting property rights, both in courts of
law and equity."

There was a particular recital of the injuries received
in that particular release, and which concluded as fol-
lows:

"Now, therefore, in consideration of the premises, and
of the payment to me of the aforesaid sum of seventy-
five dollars, the receipt whereof I do hereby acknowledge,
remise, quitclaim, and forever discharge the said Wa-
bash Railroad Company, its leased and operated lines,

·of and from all actions, suits, claims, reckonings, and ·demands' for, on account of, or arising from injuries so as aforesaid received, and any, every, and all results hereafter flowing therefrom.''

Language could scarcely frame a more sweeping release, yet the court held that the release did not include .an injury which was unknown to the parties. *Lumley* v. *Wabash R. R. Co., supra; Texas & Pacific R. R. Company* v. *George H. Dashiell,* 49 U. S. Supreme Court Report .Law Ed.), 1150.

We think it is clear from the foregoing authorities that the only injury settled by the release was a bruised shoulder, and that the release pleaded is in no way a bar to a recovery for the injuries alleged in the declaration.

The point was not made in the court below, and we presume it will not be made here, that recovery could not be had for different injuries all caused by the same "wrongful act of a party. *Lumley* v. *Wabash Ry. Co., supra,* is a direct authority to the point that there is no ·obstacle to such recoveries.

We cite the court the following authorities approving the principles discussed by the authorities already cited: *Payler* v. *Homersham,* 4 M. & S. 423; *Solly* v. *Forbes,* 2 Brod. & B. 38, 6 E. C. L. 27; *Simons* v. *John-.son,* 3 B. & Ad. 180, 23 E. C. L. 48; *Boyes* v. *Bluck,* 13 C. B. 652, 76 E. C. L., 652; *Thorpe* v. *Thorpe,* 1 Ld. Raym. 235; *Upton* v. *Upton,* 1 Dowl. 400; *Ramsden* v. *Hylton,* 2 Ves. .304, 28 Eng. Rep. (Reprint) 196; *Knight* v. *Cole,* Show 150; *Lindo* v. *Lindo,* 1 Beav. 496; *Warwick* v. *Richardson,* 14 Sim. 281; *Cole* v. *Knight,* 3 Mod. 277; *Butcher* v. *Butcher,* 1 C. B. & P. N. R. 113; *Tex R. Co.* v. *Dashiell,* 198 U. S. 521, 25 S. Ct. 737, 49 U. S. (L. Ed.) 1150, 128 Fed. 23, 62 C. C. A. 531. But see *In re Russell,* 176 Fed. ·253, 100 C. C. A. 77, holding that construction of release should be according to the intent of the parties to be gathered, if possible, from the instrument itself. *Tryon* v. *Hart,* 2 Conn. 120; *Lyman* v. *Clark,* 9 Mass. 238; *Reed*

v. *Tarbell*, 4 Met. 93, 101; *Rich* v. *Lord*, 18 Pick. 322; *Averill* v. *Lyman*, 18 Pick. 346; *Rice* v. *Woods*, 21 Pick. 30 and see *Hyde* v. *Bladwin*, 17 Pick. 303; *Wiggin* v. *Tudor*, 23 Pick 444; *Scott* v. *Hay*, 90 Minn. 304, 97 N. W. 106; *Blair* v. *Chicago R. Co.*, 89 Mo. 383, 1 S. W. 350; *Sherburne* v. *Goodwin*, 44 N. H. 271; *Jackson* v. *Stackhouse*, 1 Cow. 122, 13 Am. Dec. 514; *Kirchner* v. *New Home Sewing Machine Co.*, 59 Hun. 186, 13 N. Y. S. 473; *McIntyre* v. *Williamson*, 1 Edw. 34; *Romaine* v. *Sweet*, 57 App. Div. 615, 68 N. Y. S. 516; *Eisert* v. *Bowen*, 117 App. Div. 488, 102 N. Y. S. 707, affirmed 191 N. Y. 544, 85 N. E. 1108. *Matlack's Appeal*, 7 W. & S. 79.

We respectfully submit that the judgment of the court below ought to be reversed; that the precedent should not be established that a human life in this state is only worth twenty-three dollars and fifteen cents.

*A. S. Bozeman* and *R. H. & J. H. Thompson*, for appellee.

Appellants have cited three cases as supporting their construction of the release for which they contend; these cases are, *Union Pac. R. Co.* v. *Artist*, 60 Fed. 365; *Lumley* v. *Wabash R. Co.*, 66 Fed. 66, and *Texas Pac. R. Co.* v. *Dashiell*, 198 U. S. 521. The cases cited from the Federal Reporters are so fully presented in the United States supreme court decision that an examination of the latter case alone is necessary. The conclusion reached in the United States supreme court case is not adverse to the judgment of the trial court in this case. The releases involved in the two cases are quite different. The concluding paragraph of the syllabus, 198 U. S. 521, correctly announces the principle decided by the federal supreme court in these words:

"General words in a release are to be limited and restrained to the particular words in the recital," and the holding was that the release then under consideration,

not being for all injuries but only for the particular ones specified, did not bar a suit for nonenumerated injuries. The principle and the holding have no application to the release not before this court, because in the present release there is no enumeration of particular injuries from which other injuries are excluded; the release is from "all claims by reason of injury sustained by me at Meridian, Mississippi, on the 20th day of September A. D., 1911." The added words "by the head of a maul coming off and striking me on the shoulder blade," are but a description of how the injury was received, and not a limitation on the scope of the release for the injury suffered.

The declaration fails to state a cause of action and is demurrable for a second reason, hence the judgment appealed from is the only correct judgment that could be rendered on the record. This second reason may be stated thus: This court, as well as the trial court, judically knows all matters within the common knowledge of mankind. It is within common knowledge that a sledge hammer is a mere tool, and that in the course of its use its handle is subject to become loose and "shivered and shattered." It is not charged in the declaration that the hammer was loose on its handle, or that the handle was "shivered and shattered," when it was furnished by the company for use by Beddingfield, the decedent, and his co-servant Smith; nor does the declaration negative the idea that it became loose, "shivered and shattered" in the course of its use by them. While it is charged that the hammer was furnished by the company on the 11th of September, 1911, the day of the injury, it is not shown that its use on that day, after it was furnished and before the injury, did not produce its unsuitable and unsafe condition; and, while its unsafe condition is charged to have been unknown to decedent, it is not charged to have been unknown to Smith, the fellow-servant of the decedent. For these reasons, and because the injury complained of was not suffered while

decedent and his associate laborer were engaged in the hazardous business of operating a railroad train, the case falls within what is left in the law of this state of the common-law fellow-servant rule. The case is not within section 193 of the Constitution of 1890, or any statute on the same subject. Any farmer in the state may employ laborers to cut iron bolts, using cold chisels and sledge hammers, and unless a farmer who does so would be liable for an injury suffered by his employee under circumstances like those pleaded in this case, the railroad company is not liable to appellants. The constitutions, state and national, guarantee equal protection of the laws to all classes of persons. We will not elaborate this position, but content ourselves by reference to the brief for appellant, written by the writer of this brief, printed, in 88 Miss., 319 *et seq.*, and the opinion of the court in the case of *Bradford Construction Company* v. *Heflin,* 88 Miss. 314.

SMITH, C. J., delivered the opinion of the court.

The release here in question is not a general, but is a limited, one, covering only such damages as resulted to appellant from the bruising of his shoulder, and therefore does not cover the injuries complained of in the declaration, which injuries it is alleged in the replication were unknown to the parties thereto at the time the release was executed. *Texas & Pacific R. R. Co.* v. *Dashiell,* 198 U. S. 521, 25 Sup. Ct. 737, 49 L. Ed. 1150.

We are requested, however, by counsel for appellee to extend the demurrer back to the declaration and sustain it for the reason that the declaration is defective in two particulars: First, it does not allege "that the hammer was loose on its handle, or that the handle was shivered and shattered when it was furnished by the company for use by Beddingfield, the decedent, and his coservant, Smith;" and, second, it does not allege that the deceased left neither widow nor children surviving him.

The first of these objections, if presented to us for decision by this record, is without merit; for the declaration expressly alleges that appellee "negligently and carelessly furnished the said Joe Smith with a sledge hammer to be used in cutting off the top of said bolt, the handle of which said hammer was defective in this, that it was shivered and shattered, which caused said sledge hammer to be and was loose on the handle."

While it is true that the declaration does not expressly allege that Beddingfield died leaving neither widow nor children surviving him, it does allege that appellants "are the brothers and sisters, and only brother and sister, and heirs, and the only heirs, at law of W. H. Beddingfield, deceased." If appellants are the only heirs at law of the deceased, it necessarily follows that he did not leave surviving him either widow, children, or descendants of children; and, while this allegation is defective in that it is merely a conclusion of law, nevertheless such defect would have been cured by verdict. Mississippi Code of 1906, section 808. Consequently the declaration is not so defective "that judgment according to law and the right of the cause cannot be given," so that the defect therein complained of can be availed of by demurrer only when specifically assigned as a ground thereof. Mississippi Code of 1906, section 754. The demurrer, therefore, cannot be extended back to the declaration. *Shoults* v. *Kemp,* 57 Miss. 218.

*Reversed and remanded.* ·