## HALL *v.* STOKELY *et al.*

(Division B. March 3, 1930.)

[126 So. 475. No. 28425.]

**H. L. Austin, R. A. Darden** and **J. A. Teat,** all of Jackson, for appellant.

674

Green, Green & Potter, of Jackson, for appellees.

Griffith, J., delivered the opinion of the court.

Appellant's original declaration was challenged by a demurrer on the ground that it joined in one count two essentially inconsistent causes of action—the case falling squarely within Railroad Co. v. Abrams, 84 Miss. 456,

36 So. 542. The demurrer was sustained, and under leave to amend appellant filed his amended declaration in two counts, one of the counts being of a cause of action ex delicto and the other of a distinct cause ex contractu, this falling within Hazlehurst v. Cumberland Co., 83 Miss. 303, 35 So. 951. A demurrer to this amended declaration having been interposed and sustained, appellant asked leave to strike his second or ex contractu count, and to be allowed to proceed on the first count as if a second amended declaration, which leave was denied by the court and the cause was dismissed.

It is not contended in the argument that the first count of the first amended declaration—if allowed to stand alone, the second count being stricken—did not state a good cause of action well pleaded, but it is the argument of appellee that a second amended declaration should not be allowed in any case. Our courts both of law and of equity are given ample statutory power to allow the necessary amendments in order to bring causes to trial on their merits, and there is no arbitrary statutory limitation upon the number of amended declarations which may be allowed if essential to accomplish the aforesaid purpose. It is true that the matter is one which is largely within the sound judicial discretion of the trial judge, and that it is his duty to see that the privilege of amendment is not abused; nevertheless, the exercise of that discretion must be in accord with the rule that it is only in exceptional cases that a trial court ought to refuse amendments. We have no doubt that the learned circuit judge became wearied in this case with temporizing with appellant who had twice pleaded in the very teeth of plain decisions of this court; and, this fact alone would have been a sufficient cause for a refusal to grant further indulgence unless the amendment proposed were at once tendered, drawn out in full, so that the court could see that a valid pleading and not one again obnoxious to the rules is presented; but this tender is exactly what took

place here, and too, in such a way that no delay or other legal harm would result to appellee. In this view, we think the amendment tendered should have been allowed.

Reversed and remanded.