SHIRLEY *v.* GARIS.

(Division A. Dec. 8, 1930. Suggestion of Error Overruled, January 5, 1931.)

[131 So. 366. No. 29007.]

H. H. Evans and J. L. Taylor, both of Gulfport, for appellant.

**Mize, Mize & Thompson** and **T. J. White**, all of Gulf-port, for appellee.

**Cook, J.,** delivered the opinion of the court.

The appellee, Steve Garis, instituted this suit in the circuit court of Harrison county against the appellant, George W. Shirley, for damages alleged to be the result of actionable words addressed to him, and a malicious prosecution instituted against him, by said Shirley. The declaration was in two counts, one for actionable words and the other for the alleged malicious prosecution. Upon the trial of the cause the appellant did not deny the use of the words charged in the first count of the declaration, and the court peremptorily instructed the jury to return a verdict for the appellee upon this count, and in response thereto the jury found for him and assessed damages on this count at five hundred dollars. Upon the conflicting evidence bearing on the issues presented by the second count and the plea interposed thereto, the jury returned a verdict for the appellee for the sum of one thousand dollars, and from the judgment entered for one thousand five hundred dollars, this appeal was prosecuted.

The words and acts which formed the basis of each of the counts in the declaration grew out of an alleged robbery of the appellant by the appellee, Garis, and another, which occurred on the streets of Gulfport, Mississippi, about six-thirty P. M. on October 26, 1929. At the instance of the appellant, the appellee was arrested and placed in jail a few minutes after the robbery was alleged to have occurred, and the alleged actionable words were addressed to the appellee when he was brought into the presence of the appellant immediately after the arrest. At the instance of the appellant, an affidavit was made against the appellee charging him with having robbed the appellant, and, upon the hearing before a justice of the peace, the appellee was required to execute a bond to await the action of the grand jury. Thereafter he was indicted, tried, and acquitted in the circuit court, and hence this suit. Upon the issues presented by the second

count in the declaration there was much testimony offered by the respective parties, and, while this testimony was sharply conflicting, there was ample testimony to warrant the finding of the jury that the appellee was tried and acquitted of the charge made against him, and that the arrest and prosecution of the appellee was instituted by the appellant maliciously, and without probable cause so to do. The instructions granted by the court to the respective parties fully and accurately stated the law applicable to the issue presented by this count, and no complaint is here made in reference thereto.

The only assignment of error which merits a discussion here arises out of the action of the court below in overruling the demurrer to the declaration, and in requiring the appellant to go to trial on both counts of the declaration, the ground of the demurrer being that the declaration contains two separate and distinct causes of action, one based on actionable words and the other on malicious prosecution.

In support of this assignment of error the appellant relies principally upon the case of Y. & M. V. R. Co. v. Wallace, 90 Miss. 609, 43 So. 469, 471, 122 Am. St. Rep. 321. That case merely holds that: "Antagonistic causes of action should not be allowed in one count. Plaintiffs are not restricted in the number of counts, but may not join in one common-law cause as to unsafe ways and appliances with causes arising from the negligence of fellow servants under section 193 of our Constitution. They are inconsistent," and it is not controlling here. In the case at bar, the causes of action set forth in the separate counts are not inconsistent, but both sound in tort and grow out of the same transaction, and are between identically the same parties plaintiff and defendant, and, such being the case, they may be joined in separate counts in the same declaration. 21 R. C. L. 468.

The assignments of error present no reversible error, and therefore the judgment of the court below will be affirmed.

Affirmed.