AETNA INS. CO. *v.* COMMANDER *et al.*

(Division A. March 26, 1934. Suggestion of Error Overruled April 23, 1934.)

[153 So. 877. No. 31088.]

Bourdeaux & Smith, of Meridian, for appellant.

**Richardson & Sandford,** of Philadelphia, for appellees.

**Smith, C. J.,** delivered the opinion of the court.

The appellees sued the appellant, by a declaration consisting of but one count, on two fire insurance policies both of which covered the same dwelling house and one of which covered, in addition, the household and kitchen

furniture situated therein. The appellant demurred to this declaration and assigned as cause therefor that it "is insufficient in law because of a misjoinder of causes of action, in that two separate and distinct causes of action are joined and united therein in one and the same count." This demurrer was overruled, and the appellant declining to plead further final judgment was rendered against it. The only assignment of error is that the court erred in overruling the demurrer.

We are not confronted with a misjoinder of causes of action, in which connection see Hazlehurst v. Cumberland Telephone & Telegraph Co., 83 Miss. 303, 35 So. 951, and Shipman's Common Law Pleading (2 Ed.) p. 376, for the two causes of action here sued on could unquestionably be included in the same declaration by separate counts for each. The defect in the declaration is that it includes both causes of action in a single count, thereby violating the common-law rule against duplicity in pleading. The question for decision then is—Can a pleading which violates the rule against duplicity be objected to by a special demurrer?

Demurrers, both general and special, have been governed by statute, and not by common law, in England since the enactment of 27 Eliz. Chap. 5, brought forward into 4 Anne, chap. 116, which provided, in substance, "that judgment should be given according to 'the very right of the cause,' without regard to imperfection, omissions, defects, or wants of form, except such as the party demurring should specifically assign as causes of demurrer, and with the further provision that sufficient matter must appear in the pleadings upon which judgment according to such right could be rendered. Since these statutes, therefore, objections of form are to be reached only by special demurrer, and the objections must be specifically stated." Shipman Op. Cit., p. 262. They have been so governed in this state since its organization as a territory, when the English statute was brought forward, in substance, by the territorial Legis-

lature in an "Act establishing superior courts and declaring the powers of the territorial judges," Toulmin's Digest of the statutes of the Mississippi territory, page 119, re-enacted by the state Legislature in 1822 in a circuit court act, section 64 of which reads: "When a demurrer shall be joined in any action, the court shall not regard any other defect or imperfection in the writ, return, declaration or pleadings, than what shall be specially alleged in the demurrer, or causes thereof, unless something so essential to the action or defense, as that judgment according to law, and the very right of the cause cannot be given, shall be omitted." Hutchinson's Mississippi Code 1798-1848, page 875. This statute was brought forward in all of our subsequent codes; in that of Revised Code 1857 as article 108 of chapter 61, page 495; of Revised Code 1871 in article 6 of chapter 8 as section 611; of Revised Code 1880 as section 1560; of Annotated Code 1892 as section 696; of Code 1906 as section 754; and of Code 1930 as section 546. In 1878 this statute was amended by chapter 67, page 190, of the laws of that year, which provided :

"That article 6, of chapter 8, of the Revised Code of 1871, in relation to pleading and practice, be and the same is hereby so amended that no pleading shall be deemed insufficient for any defect which could heretofore be objected to only by special demurrer."

The effect of this amending statute was to write out of section 611, Revised Code 1871, the permission there given to object to a pleading for insufficiency not predicated on the omission therefrom of "something so essential to the action or defense, as that judgment according to law, and the very right of the cause cannot be given." In other words, a demurrer of any kind thereafter would lie only for matters of substance and not of form. A plaintiff or defendant was not thereby rendered remediless for insufficient pleading by his adversary, provided the insufficiency was such as to embarrass or prejudice him in the trial of the case, for

section 618, Revised Code 1871, provided that: ''When the allegations of a pleading are so indefinite or uncertain, that the precise nature of the charge or defense is not apparent, or if any pleading shall be so framed as to prejudice, embarrass, or delay the fair trial of the action, the court, on application of the opposite party, shall cause the same to be made definite and certain, or may strike out or amend the same.''

In 1880, chapter 67, Laws of 1878, sections 611 and 618, Revised Code 1871, were all brought forward in the code of that year, appearing therein as sections 1567, 1560, and 1568. Sections 1560 and 1567 are in conflict, and the second section, if it was to be given any application at all, wrote out of section 1560, the same provision thereof that chapter 67, Laws of 1878, wrote out of its predecessor in the Revised Code of 1871. It would seem that the two sections of the Code should be given the same construction and effect they theretofore had, particularly as section 1567 appears in the Revised Code of 1880 subsequent to section 1560 thereof. This was evidently the construction put on them by this court in Sims v. Eiland, 57 Miss. 83, decided under chapter 67, Laws of 1878, and in State v. Swinney, 60 Miss. 39, 45 Am. Rep. 405, decided less than two years after the Revised Code of 1880 became effective, and in which the opinions were written by that great jurist, Judge J. A. P. CAMPBELL, who was the commissioner who prepared the Revised Code of 1880 for submission to the Legislature. In the second of these cases the court expressly held that matters of substance only in a pleading and not of form render it insufficient on demurrer. In other words, that the only defect in a pleading rendering it insufficient on demurrer is that it fails to state a cause of action or defense. Duplicity in pleading has always been considered not a defect of substance but of form, that is, of the manner or form in which the cause of action or defense is stated. Shipman Op. Cit., p. 375. This court expressly so held in Mobley v. Keys, 13

Smedes & M. 677. Section 1567, Revised Code of 1880, was several times re-enacted after the decisions hereinbefore referred to were rendered, for it was brought forward in the three subsequent codes, and now appears in the Code of 1930 as section 553. The statute was applied to matters of form in Polkinghorne v. Hendricks, 61 Miss. 366, and Wilmot v. Y. & M. V. R. R. Co., 76 Miss. 374, 24 So. 701.

One of the common-law rules is that "whatever is alleged in a pleading must be stated with certainty," a violation of which was subject to a special demurrer. This rule was brought forward, with its scope somewhat restricted, in the statute which now appears as section 521, Code 1930. When Jones v. Millsaps, 71 Miss. 10, 14 So. 440, 23 L. R. A. 155, was decided, this statute appeared as section 671, Annotated Code 1892. The action there was in covenant by a lessee against a landlord on an alleged breach of a covenant to repair the leased premises. A demurrer by the defendant alleged two grounds therefor, first, that the declaration "was vague and indefinite as to the damages alleged to have been sustained," and, second, "that it failed to show any covenant on the part of defendants to repair." This demurrer was sustained, and in passing thereon the court said: "If the allegations of the pleading are so indefinite or uncertain that the precise nature of the complaint is not apparent, on motion of the opposite party the court will cause the same to be made definite and certain, or, this failing, will strike the pleading from the files. [Annotated], Code 1892, section 704. On this branch of the case, and beyond these general observations, we think it proper only to add two particularizations, viz.: (1) The first special cause of demurrer is not well taken." The second ground of the demurrer was to a defect of substance, i. e., that the declaration failed to state a cause of action.

The cases relied on by the appellant are Illinois C. R. R. Co. v. Abrams, 84 Miss. 456, 36 So. 542, Yazoo &

M. V. R. R. Co. v. Wallace, 90 Miss. 609, 43 So. 469, 122 Am. St. Rep. 321, and Neely v. Payne, 126 Miss. 854, 89 S. 669. The Abrams case held that separate and inconsistent causes of action cannot be joined in one count. It does not appear from the report of the case how the question was raised, and section 553, Code of 1930, was not referred to in the briefs of counsel or in the opinion of the court. That case, therefore, is no authority on the question of how duplicity in pleading should be objected to, and as hereinbefore, and will herein again be, pointed out, duplicity in a pleading may be objected to by the opposite party by a motion, in which it is made to appear that the duplicity is prejudicial to him. In the Wallace case the court neither referred to nor considered that section of the code, and as the brief of counsel for the appellee does not appear in the report of the case, the statute may not have been called to the court's attention; indeed, it is safe to say that it was not, otherwise the court would not have passed over it in silence. In Neely v. Payne it was said that a special demurrer to a count in a declaration for duplicity, which was overruled by the court below, should have been sustained. This holding seems not to have been called for, and had no effect on the decision of the case, for it had been submitted to the jury, and the judgment affirmed was on a verdict for the defendant, the party against whom the error was said to have been committed. Moreover, the excerpts from the briefs of counsel, set out by the re porter, do not disclose any complaint at the overrul'ng of the demurrer. In this case, also, the section of the code here under consideration was neither referred 'o nor considered by the court.

Beddingfield v. N. O. & N. E. R. R. Co., 110 Miss. 311, 70 So. 402, though not relied on by the appellant, should not be overlooked. In that case the court declined to extend a demurrer to a replication to a plea back to the declaration, stating that while the declaration was defective in that it stated merely a conclusion of law, the

defect could be reached only by a special demurrer, citing section 754, Code of 1906, which was the same as section 546, Code of 1930. In that case, also, section 761, Code of 1906, which now appears as section 553, Code of 1930, was not discussed or referred to in any way.

The Wallace, Beddingfield, and Neely v. Payne cases, having been decided without reference to, or consideration of, section 553, Code of 1930, are not such precedents within the rule of stare decisis as to require that they be followed unless and until overruled. Thomas v. State, 117 Miss. 532, 78 So. 147, Ann. Cas. 1918E, 371. Neely v. Payne, is not a precedent here for the further reason that the decision therein on the question here under consideration was not necessary for, and did not affect, the decision of the case.

The common-law rule forbidding duplicity in pleading is one of convenience only, and its purpose is to prevent the opposite party from being prejudiced or embarrassed in the trial of the cause. That purpose is taken care of by section 554, Code of 1930, formerly section 618 of the Revised Code of 1871, and hereinbefore set out, under which if the duplicity in a pleading is of such character "as to prejudice, embarrass, or delay a fair trial of the action, the court, on application of the opposite party, shall cause the same to be made definite and certain, or may strike the same from the files." A motion under this statute serves every purpose of the old special demurrer, and has some advantages over it; for the objection to a pleading will not thereunder be sustained merely because of the appearance therein of the defect complained of, but only when it is made to further appear that the defect, unless remedied, will "prejudice, embarrass, or delay a fair trial." Moreover, should a defendant's demurrer to a declaration be overruled, he cannot thereafter plead to the declaration without permission of the court so to do. Section 547, Code of 1930. If a demurrer to a plea of a defendant, filed after the sustaining of a demurrer to a previous plea, be sus-

tained, the defendant cannot plead further, but must suffer judgment. Neither of these penalties apply to motions filed under section 554, Code of 1930. Requiring objections to a pleading for duplicity to be raised by a motion instead of demurrer, according to 49 C. J. 380 and 381, is in accord with the procedure therefore in jurisdictions where special demurrers have been abolished. Including two causes of action in one count, instead of stating them in separate counts, cannot prejudice a defendant unless he should desire to demur to one and plead to the other, or should desire to plead separate defenses to each, in which event all he has to do is to call the fact to the attention of the court by a motion, and the declaration will be ordered amended accordingly.

If it be said that a special demurrer can be treated as a motion under this section, the answer here is that it does not appear therefrom, other than merely by reference to the defect complained of, that the appellant would have been in any way embarrassed on the trial of the case by the form of the declaration. Our statutes are designed to simplify pleading and to obviate mere technical objections thereto, as is an objection for duplicity, and to delay trials because of such defects in a pleading, only when not to remove them would be prejudicial to the opposite party.

The court below committed no error in overruling the demurrer.

Affirmed.