## NEWELL CONTRACTING CO. v. FLYNT.
### No. 31712.

Supreme Court of Mississippi, Division B.
June 3, 1935.

Watkins & Eager, of Jackson, and J. B. Sykes, of Mendenhall, for appellant.

Edwards & Edwards, of Mendenhall, for appellee.

GRIFFITH, Justice.

On a former day the judgment in the above-entitled and numbered cause was reversed and the case remanded with leave to the plaintiff, appellee, to amend his declaration; and now the appellant moves that our judgment here be corrected so as to enter final judgment for the appellant; and appellant cites section 3378, Code 1930; Scottish Union & Nat. Ins. Co. v. Warren-Gee Lbr. Co., 104 Miss. 636, 61 So. 310; Hattiesburg, etc., Co. v. Price, 143 Miss. 14, 108 So. 291; Henry v. R. R. Elkin, Jr., & Co., 156 Miss. 136, 125 So. 545; Fowlkes v. Hardin, 109 Miss. 318, 68 So. 468; Brenard Mfg. Co. v. Brown, 152 Miss. 319, 120 So. 182.

On the trial in the circuit court appellant did not demur to the declaration, but filed a plea of the general issue, and, on the taking of the evidence, appellant objected to anything which went beyond the allegations of the declaration, and at the conclusion of plaintiff's evidence requested a peremptory instruction, on the ground that the evidence which went no further than the allegations of the declaration was not sufficient to make out a case, which is the equivalent, of course, to a demurrer to the declaration. The objections by appellant to the evidence which went beyond the declaration were overruled by the court, the peremptory instruction requested by appellant was refused, there was a verdict and judgment for the plaintiff, and on the appeal we held that the objections to the evidence which went beyond the declaration should have been sustained, and that the declaration was not sufficient to support a cause of action; and, as above stated, we remanded the cause with leave to amend the declaration.

When a declaration does not sufficiently state a cause of action, the defendant may demur to it. If the demurrer be sustained, the plaintiff has the right to amend, if he have an amendable case. Hall v. Stokely, 156 Miss. 673, 126 So. 475. If the demurrer be overruled, then the defendant must plead and go to trial. During the trial, he must object to any evidence which overruns the averments of the declaration, and at the close of plaintiff's evidence must move for a peremptory instruction which is to evidence the fact that he has not waived his previous formal demurrer by anything that has happened during the trial. When the objections made by the defendant are overruled by the court and his request for a peremptory instruction is denied, and there is a verdict and judgment against him, and he appeals, our first inquiry here is whether the declaration is sufficient, and if we decide that it is not sufficient, we sustain the demurrer as the trial court should

have done, and return the case that the plaintiff may amend, just as would have been the situation had the trial court sustained the demurrer.

■ But instead of filing a formal demurrer to an insufficient declaration, the defendant has the option to do as the defendant did in this case, namely, to plead to the declaration, go to trial, object to anything running beyond the declaration, and, at the close of plaintiff's evidence, move for a peremptory instruction, which, as we have above stated, is the equivalent of a demurrer to the declaration; and when all these have been overruled by the court and there is a judgment for the plaintiff, and the defendant appeals, our first question here is whether the declaration is sufficient, and, if not, we must reverse and remand, with leave to amend the declaration, just as if there had been a demurrer to the declaration and that demurrer had been sustained in the first instance in the trial court, unless the case be such that it is apparent upon the face of the record that the plaintiff cannot amend, as was the case in Hines v. Cole, 123 Miss. 254, 85 So. 199. By taking the course outlined in this paragraph, the defendant cannot obtain an advantage over the plaintiff which the defendant would not have secured had he followed the regular and more orderly procedure of demurring in the first instance to the insufficient declaration.

Motion overruled.