## WATSON v. BROADHEAD.

(Division A.   January 12, 1948.   Suggestion of Error Overruled, February 9, 1948.)

[33 So. (2d) 302.   No. 36555.]

Edwin A. Dunn, of Meridian, for appellant.

S. M. Graham, of Meridian, for appellee.

**Sydney Smith, C. J.**, delivered the opinion of the court.

The appellee sued out a writ of replevin in the County Court against the appellant for the recovery of an automobile truck. When the truck was levied on under the writ the appellant failed to execute a bond therefor, and such a bond was executed by, and the truck delivered to, the appellee. The appellant's defense to the action was that he had a mechanic's lien on the truck under Section 353, Code 1942, for necessary repairs made thereon at the request of the owner of the truck. The truck was owned by Carl McNeil, but he had given a deed of trust thereon, along with other property, to Dixie Planing Mill. Before the repairs were made the appellant was advised by the Dixie Planing Mill that it would pay no repair bills incurred by McNeil without a previous written order therefor from it, and that its property would not be responsible for such bills. The repairs on this truck were made at intervals between and including March 3d and August 21, 1945. Each time repairs were made on the truck it was delivered to and taken away by McNeil without payment of the appellant's charges therefor. After these repairs were made the Dixie Planing Mill assigned its deed of trust on this truck to the appellee. This deed of trust was not foreclosed, but in January, 1946, a settle-

ment ·was had between the appellee and McNeil under which the property covered by the deed of trust, other than the truck here in question, was delivered to the appellee. The truck here in question was then delivered by McNeil to the appellant to be held by him as security for his repair bills. The day before this settlement was made McNeil advised the appellee that he ''owed a garage bill'' on this truck. The case was tried in the County Court by the judge thereof without a jury and a judgment was rendered for the defendant, the appellant here, but on appeal to the Circuit Court that judgment was reversed and the appellee, the plaintiff in the County Court, was permitted to retain the truck.

The notice given the appellant by the Dixie Planing Mill that its property would not be responsible for repairs made thereon at the request of McNeil without a written order from it therefor, is of no efficacy here, one sufficient reason therefor being that this truck was not its property, it simply had a lien thereon, of which lien moreover the appellant was unaware, assuming for the purpose of the argument that his knowledge thereof would be material.

That the appellant had given McNeil possession of the truck without collecting his repair charges therefor did not result under Section 355, Code 1942, in his losing his lien thereon, except as against ''one deriving title or possession through'' McNeil, the owner of the truck. Section 337, Code 1942. The appellee was not in possession of the truck, and title thereto did not vest in him under the deed of trust executed to the Dixie Planing Mill and assigned to him, for it was not foreclosed and no breach of the condition thereof appears from the evidence. Section 849, Code 1942, Buck v. Payne, 52 Miss. 271. This deed of trust therefore gave him no priority over the appellant's mechanic's lien. Billups v. Becker's Welding & Machine Co , 186 Miss. 41, 189 So. 526, relied on by the appellee is not a precedent here, within the rule of stare decisis, for whether or not the deed of trust there under

consideration conferred on its holder title to the property covered by the deed of trust was not there discussed or decided. The case was presented to the Court by counsel and decided by it on the assumption that the deed of trust there involved had priority over the claimed mechanic's lien unless the holder thereof had notice of the lien when she obtained the deed of trust. 21 C. J. S., Courts, Sec. 209; Aetna Ins. Co. v. Commander et al., 169 Miss. 847, 153 So. 877; Thomas v. State, 117 Miss. 532, 78 So. 147, Ann. Cas. 1918E, 371; Black's Law of Judicial Precedents, Secs. 8 and 10. Cf. Hart v. Chemical National Bank (Miss.), 27 So. 926.

As hereinbefore stated, possession of the truck was not delivered to the appellee under the settlement between him and McNeil in January 1946, but was delivered by McNeil to the appellant, and moreover before the settlement was made McNeil advised appellee "that he owed a garage bill against the truck." The Court below should have affirmed the County Court's judgment, consequently its judgment will be reversed and set aside and the judgment of the County Court will be affirmed.

Reversed and judgment here for the appellant.