PICONE *v.* COMMERCIAL PASTE CO.

Oct. 13, 1952

No. 38471          3 Adv. S. 26          60 So. 2d 590

*A. S. Johnston, Jr.,* for appellant.

*Ebb J. Ford, Jr.,* for appellee.

Roberds, P. J.

Appellee obtained in the County Court of Harrison County a judgment against Mrs. Frances Picone, the appellant, and Martin Cox, for the sum of $135.60. On appeal to the circuit court the judgment was affirmed, adding interest and damages thereto, making a total of $154.58. From that judgment Mrs. Picone appeals here. Cox did not appeal.

The main contention of Mrs. Picone on this appeal, and the only one we deem sufficiently serious to pass upon, is that Cox had no authority to bind her to pay for the merchandise, the purchase price of which constituted the basis of the judgment.

The question arises under these circumstances: On, or shortly before, June 1, 1948, Mrs. Picone and Cox formed a commercial partnership to buy and sell and install floor covering and materials and supplies necessary to carry

on that business. The place of business was to be at Gulf-port, Mississippi, and the name adopted by the partner-ship was Gulfport Linoleum Mart. That arrangement was verbal. The date of the privilege license was June 1, 1948. They began to operate the business at 1402 27th Avenue, Gulfport.

On June 4, 1948, Cox, in the firm name, "By Martin Cox," signed a written order for floor covering to be shipped by appellee to the firm at its address in Gulfport. This was sent to appellee at Columbus, Ohio. At the time Mrs. Picone and Cox were doing business as general part-ners at said address, each partner being equally inter-ested.

On June 18, 1948, the parties executed written articles of partnership containing this provision: "Neither of the partners is to become surety, drawer, acceptor, or endorser, in any case whatever, except in and for and for affecting the partnership, without the consent of his co-partner, and neither of the partners shall have the right to buy or contract for or on account of the partnership without the consent of his copartner; that is, both of said partners shall act conjointly and be consulted and agree on each transaction affecting the business of the partner-ship. This agreement is to be binding on the partners and the public generally, and for such purpose these articles of copartnership shall be recorded in the office of the Chancery Clerk of Harrison County, Mississippi."

This instrument was filed June 22 and recorded June 23 in the office of the chancery clerk of Harrison County, Mississippi.

Appellee, on June 28, 1948, shipped by truck from Co-lumbus to Gulfport Linoleum Mart at its place of busi-ness in Gulfport, the merchandise Cox had ordered. There is some proof an employee of consignee, under instructions from Mrs. Picone, sent the merchandise to Mobile, Alabama, where Cox had another business of like character, although Mrs. Picone testified she did not

know Cox had made this order until 45 days after date thereof.

Appellee mailed invoice of, and later sent a number of communications about, this merchandise to the firm name at Gulfport. No payment was made on the account. Finally, and on October 25, 1948, Mrs. Picone wrote appellee this letter:

"I would like to explain to you the best I can about your shipment of merchandise. Mr. Martin Cox is my partner in the Gulf Linoleum Mart, located in Gulfport, Miss. He also owns and operates the Mobile Floor Covering Co. in Mobile, Ala.

"It seems that Mr. Cox placed an order with your salesman for some merchandise, which was shipped to this store. I had no knowledge of such an order, and we did not need the merchandise. I immediately got in touch with Mr. Cox in Mobile and asked him about it, he told me that the shipment was intended for the Mobile store, so I had the merchandise transferred to Mobile.

"When we received your letters, I took the matter up with Mr. Cox and he informed me that the merchandise had been returned to your company.

"I would like very much for this matter to be straightened out.

"If you will contact the Mobile Floor Covering Co. at 655 Dauphin St., Mobile, Ala., I feel sure they can give you the information you desire. As we have no record of the merchandise in this store.

"I am sorry this mistake occurred, and I hope it is taken care of in the very near future."

Mrs. Picone testified she did not give her assent to this order and did not know about it at the time given. She, therefore, says the quoted provision of the articles of partnership relieves her of any liability. In support of her contention she relies upon the rule that **(Hn 1)** a partnership may be limited and if those dealing with it have notice of the limitation, then the partners are not liable for

acts beyond such limitation. Of course, that rule is well established. 68 C. J. S., p. 578, Sec. 143; 40 Am. Jur., p. 230, Sec. 142. However, it has no application to the facts of this case. It is not contended appellee had any actual notice of limitation of the powers of the partners. It is said the written agreement was recorded and this gave constructive notice to appellee. **(Hn 2)** But the written order to appellee by Cox was given June 4, before the written agreement was had between the parties. Cox then had full power to bind the partnership within the scope of the partnership business—at least, as to appellee, he apparently had such power. If he did not as a fact have that power appellee had no notice of the limitation. The fact that a written agreement was later made between the parties and recorded some nineteen days after the order was given could not reach back and nullify the power and authority possessed by the partners on June 4.

The letter of Mrs. Picone of October 25 did not change or alter the rights of the parties. In that letter she admitted she was a partner with Cox in the business at Gulfport. Her reason for not paying the bill was not that she did not give her consent to the purchase but that Cox said it was intended for Cox' store at Mobile and he had returned the merchandise. The written order directed the seller to ship the goods to the partnership at Gulfport and the shipper refused to accept return of the merchandise. **(Hn 3)** The rights of the seller must be determined by the circumstances confronting it at the time of the sale.

Affirmed.

*Alexander, Kyle, Holmes* and *Ethridge, JJ.,* concur.