JAMES M. EDWARDS v. KINGSTON LUMBER COMPANY.

[46 South., 69.]

1. JUSTICE OF THE PEACE. *Holding two courts. Different places. Garnishment. Proper return.*

Where a justice of the peace, as authorized by statute, holds two courts each month, but for convenience holds them at different places, a writ of garnishment issued on a judgment is properly returnable to the next court to be held at the place where the judgment was rendered, and need not be made returnable to an intervening court to be held by the justice of the peace at the distant place.

2. SUPREME COURT PRACTICE. *Remand of cause.*

Where the trial court, pretermitting one of two questions involved in a case, erroneously decided the other, the supreme court in reversing the judgment will not finally adjudicate the rights of the parties but will remand the cause for further action by the trial court.

FROM the chancery court of Jones county.

HON. JAMES L. McCASKILL, Chancellor.

The lumber company, appellee, was complainant in the court below; Edwards, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court. The facts are sufficiently stated in the opinion of the court.

*R. E. Halsell* and *W. R. Harper,* for appellant.

The appellant, Edwards, brought a suit in a justice's court of Jones county and obtained a judgment against one Johnson. This judgment against Johnson was obtained on the 21st of January, 1905, in the justice's court held at Laurel, and on the 26th day of January, 1905, the justice of the peace issued a writ of garnishment on said judgment, and same was duly served on the Kingston Lumber Company, returnable to his said court at Laurel on the 18th day of February, 1905.

The Kingston Lumber Company, garnishee, failing to answer, judgment was taken against it, and the garnishee sued out an injunction, upon the ground that it had no notice, and later filed an amendment to its bill setting up the fact that the writ of garnishment was void because not made returnable to the next succeeding term of said justice's court after the 26th day of January, 1905. At the time this judgment was obtained the said justice held a court at Laurel, where the judgment was obtained, for civil business, and also held a court at a place called Gitano in the same beat for civil business, that is he held two courts per month in his beat; one at Laurel and one at Gitano. Gitano is eighteen miles from Laurel. The judgment in this case, however, was taken in the Laurel court and the writ of garnishment was so returnable.

By examining the record in answer to the garnishee's amended bill it will be seen that the appellant states just how the courts were held. The chancellor decided against the appellant, and he appeals to this court, and there are only two questions presented for determination. One is, did the garnishee have notice, and the other is, was the writ of garnishment void because not made returnable to the Gitano court, which intervened between the Laurel court to which the writ was returnable on the 18th day of February, 1905, bearing in mind at the same time that the judgment was obtained at the Laurel court?

We do not think the testimony sufficient in this case to over-

throw the return of the officer showing service of the writ. In order to overthrow the return of an officer there must be positive proof of corroborating circumstances, and we think the proof in this case falls far short of measuring up to this rule. As to the other point we think the writ was properly returnable to the court where the judgment was obtained. The judgment having been obtained at the Laurel court, of course all parties interested in the matter would go to the Laurel court to see about that particular case, and we think that if a judgment was obtained in the court at Laurel, then the writ should be returnable to the court in which the judgment was obtained, notwithstanding there might be an intervening court held eighteen miles in the country.

*Shannon & Street,* for appellee.

A writ of garnishment, so far as the garnishee is concerned, is original process. In other words, it is the same as a summons. A summons issued by a justice of the peace must be made returnable to the first term of his court to be held more than five days after it is issued    Code 1892, § 2401. The writ of garnishment in this case was issued on the 26th day of January and the officer's return shows that it was served on the 27th and made returnable on February 23. This of course was more than five days; hence, the writ should have been made returnable on the 3rd day of February instead of the 18th day of February.

Counsel say that the intervening term of court was held at Gitano, eighteen miles from Laurel, but even if this be true, it was in the same justice's district, and so far as the law is concerned was one and the same court.

It is by no means admitted that the writ of garnishment was served upon the appellee, but the testimony on this point being in conflict and the chancellor having decided the case on the other point, we see no particular reason to lay stress on the disputed testimony.

CALHOON, J., delivered the opinion of the court.

The justice of the peace in Jones county, for his own con-venience and the convenience of the public, held a term of court in two different parts of the county. One of these places was Laurel, and the other was at a place called Summerland in some places in the record, and in other places it is called Gi-tano. J. M. Edwards got a judgment in the court of that of-ficer at Laurel on January 21, 1905, and a writ of garnishment was issued against the Kingston Lumber Company. That writ the justice made returnable to the next term of his court which was to be held at Laurel, and not to the intervening court which he held at Gitano, some eighteen miles distant from Laurel; and at Laurel judgment by default was taken against the gar-nishee. Levy having been made and a sale being about to take place, Mr. Edwards, the plaintiff in the judgment, and the proper officers, were enjoined; and, the pleadings and proof showing this condition of things, the chancellor on final hear-ing held "that the writ of garnishment issued by the justice of the peace is void, for the reason that it was not made returnable to the first term of the justice's court to be held more than five days after the issuance of the writ; the said writ should have been made returnable on Friday, the 3d day of February, 1905, which the court finds was a general term of the said justice's court, instead of the 18th day of February, which the court finds was also a regular term of court, but the second term from the date of the issuance of said writ of garnishment."

So we find the actual case to be a complaint that on the judg-ment, issued at Laurel, the writ of garnishment should not have been made returnable to the next regular term at Laurel, but to the intervening regular term at Gitano, in which court, as a matter of fact, there never had been any proceedings whatever. We find by Ann. Code 1892, § 2130, all such writs are return-able to "the term of the court to which the garnishment may be returnable." Section 2140 of that Code requires an answer to the garnishee process " by noon on the return day of the writ."

By section 2395, a justice of the peace has jurisdiction "coextensive with his county." By section 2399 it is provided that the justices "shall hold regular terms of their courts at such times as they may appoint, not exceeding two and not less than one in every month, and at such convenient place in their districts as they may designate, and all process shall be returnable and all trials shall take place at such regular terms." Section 2401 provides that "process shall be made returnable to the next term of his court." In view of all the provisions of the statute, it is our opinion that the process of garnishment was properly returnable to the next regular term of court to be held at the place where the original judgment was obtained. Any other view would produce the absurd result of a judgment in the court at one place, and a garnishment to pay that judgment in practically another court at another place eighteen miles away, thus giving piece-meal trials.

We therefore think that the decree of the court was erroneous, and we should in consequence enter a final decree here; but, owing to the fact that another point is made in the case, which is that the writ of garnishment was never served on the appellees as a matter of fact, and the chancellor made no finding as to this, and as we are simply a revisory court, and cannot either reverse or affirm on a matter not acted on, this case must be reversed, and also remanded.

*Reversed.*