## WHITE v. STATE.

(Division B. Dec. 1, 1930.)

[131 So. 96. No. 28857.]

**T. A. Clark**, of Iuka, for appellant.

**Edwin R. Holmes, Jr.**, Assistant Attorney-General, for the state.

**Anderson, J.,** delivered the opinion of the court.

The appellant was indicted and convicted in the circuit court of Tishomingo county of the crime of petty larceny, and was fined one hundred dollars and sentenced to sixty days in jail. From that judgment appellant prosecuted an appeal to this court.

The cause now comes on for hearing on the state's motion to strike from the record of the case volume 2, which embodies alone the proceedings in the circuit court on appellant's petition for a writ of error coram nobis.

At the January term, 1930, of the court, appellant was convicted. Within the time prescribed by law appellant notified the court reporter to transcribe his notes of the evidence, for the purpose of prosecuting an appeal from the judgment of conviction, and executed an appeal bond in due time, which was approved. The clerk certified the record up to the Supreme Court, which was then filed on May 9, 1930.

After adjournment of the term of the circuit court at which appellant was tried and convicted, and after the appeal to the Supreme Court had been perfected, and the record filed in that court, appellant filed in the circuit court a petition for a writ of error coram nobis, praying a new trial of the case, upon the ground of newly discovered evidence. The petition set out that the newly discovered evidence was material, and would have resulted in a verdict of not guilty if the jury had heard it; and that it was the fault of neither the appellant nor his counsel that the evidence was not discovered before the trial. The circuit judge in vacation granted the writ, and ordered that the evidence on the petition be taken at the August term, 1930, of the court. Accordingly, at that term of the court the petition was presented to the court, and evidence adduced by appellant, tending to support the allegations of the petition. At the hearing the state presented neither pleading nor evidence; and at the conclusion of the hearing the court entered the following order:

"It is hereby ordered that the stenographer make copy of the testimony hereinabove taken and the clerk of this court make a supplementary record of this testimony as transcribed by the stenographer, and that the same be forwarded to the clerk of the Supreme Court to become a part of the record of the case now on appeal in the Supreme Court of the state of Mississippi entitled 'J. C. White, Appellant, v. State of Mississippi, Appellee,' and that the pocket book and the pieces of receipt or

check found in it and the receipt given by Mr. Sparks all be sent up from this court to the Supreme Court as a part of such record.''

The state bases its motion upon two grounds: (1) That the writ of error does not lie in a case of this character; (2) that if it does lie, the Supreme Court has no jurisdiction to pass on the question involved, because it was not determined by the trial court.

1. The purpose of the writ of error coram nobis proceeding was to obtain a new trial on the ground of newly discovered evidence. Under our system of practice, the writ cannot be resorted to for that purpose. All matters of fact, reviewable by appeal, or upon motion, must be presented to the trial court by motion for a new trial. They cannot be made the grounds for an application for a writ of error coram nobis. Within this rule fall all defenses existing at the time of the commission of the crime; and ''within this rule, too, must fall all cases of accident and surprise, of verdicts against evidence, of newly discovered evidence, and all like matters.'' Fugate v. State, 85 Miss. 94, 37 So. 554, 556, 107 Am. St. Rep. 268, 3 Ann. Cas. 326; Cummins v. State, 144 Miss. 634, 642, 110 So. 206.

2. The circuit court having declined to pass on the application for the writ, this court is without jurisdiction to review its action in that respect. Under section 146 of the Constitution, the Supreme Court is an appellate court, and not a court of original jurisdiction. The circuit court cannot ''abdicate any part of its judicial functions or duties in favor of the Supreme Court, or of any other court.'' St. Louis & S. F. R. Co. v. Bridges, 156 Miss. 206, 125 So. 423, 426.

Motion sustained.