LOTT *v.* ILLINOIS CENT. R. CO.

(Division A.   Oct. 19, 1942.)

[10 So. (2d) 96.   No. 35059.]

**S. C. Mims, Jr.,** and **W. B. Nicols,** both of Grenada, for appellant.

Cowles Horton, of Grenada, and Clinton H. McKay and Lucius E. Burch, Jr., both of Memphis, Tenn., for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellant obtained a judgment in the court of a justice of the peace against Shelton for $81.80, a writ of garnishment thereon was issued against the appellee. No written suggestion by the appellant that the appellee was indebted to Shelton appears in the record, but the writ recites that the appellant "hath suggested that I. C. R. R. Co. is indebted to said Zeke Shelton," etc. The appellee answered the writ prior to the return day thereof, denying any indebtedness to Shelton, concluding with this request "Please submit a release in this case," on which the justice of the peace signed and delivered to it a written instrument reciting that "This will acknowledge receipt of your answer filed with me today in garnishment of Mrs. Willie E. Lott vs. Zeke Shelton, and which is to the effect that there are no wages due Zeke Shelton by your company, and you are hereby released from any further responsibility in this case." This release, of course, was inoperative. The appellant appeared on the return day of the writ and contested the garnishee's answer in writing, setting forth that she believed the answer to be untrue and alleging that the garnishee has funds in its hands belonging to the defendant, "said funds due from wages earned by the said Zeke Shelton" for which the garnishee is indebted to him. The appellee

failed to appear and a judgment was rendered reciting the hearing of evidence, that the garnishee's answer was not true and rendering a judgment against it in favor of the appellant for $81.80.

About three weeks thereafter the appellee filed a petition with the justice of the peace to set aside this judgment, pleading the release from the justice of the peace as an excuse for not appearing at the trial, and alleging that the appellee was indebted to Shelton in the sum of $1.23 only, which fact was not made known to the justice of the peace at the trial. After notice to the appellant the justice of the peace set aside the judgment and rendered another awarding the appellant a recovery of $1.23 on her writ of garnishment. The case on appeal to the circuit court was not tried de novo as required by Section 67, Code of 1930, but on the record made in the court of the justice of the peace and a judgment was rendered affirming the judgment of the justice of the peace.

The ground on which the petition filed with the justice of the peace seeks to have the judgment formerly rendered by him set aside is that a fact therein set forth was not made known to him when the judgment was rendered and which if known to him would have required the rendition of a different judgment—a relief which once could be granted only on the archaic writ of error coram nobis but which now can be granted in response to a simple motion or petition setting up the necessary facts. Mississippi & Tenn. R. R. Co. v. Wynne, 42 Miss. 315; Fugate v. State, 85 Miss. 94, 37 So. 554, 107 Am. St. 268, 3 Ann. Cas. 326; Corry v. Buddendorff, 98 Miss. 98, 54 So. 84; Carraway v. State, 163 Miss. 639, 141 So. 342. Such a motion or its equivalent, a writ of error coram nobis, will not lie in the court of a justice of the peace for that court is without power to set aside a judgment rendered by it on a former day or term. Morris v. Shryock, 50 Miss. 590; Welch v. Hannie, 112 Miss. 79, 72

So. 861, Ann. Cas. 1918C, 325; Howell v. Kersh, 152 Miss. 266, 119 So. 186.

Moreover, what the petition brought to the attention of the court was that the appellee was not indebted to Shelton in the sum of $81.80, a fact that was in issue and decided when the judgment was rendered, consequently what the petition seeks is simply to relitigate an issue that was before the court when the judgment was rendered reviewable by means of an appeal but not by means of a simple motion or petition, or its equivalent a writ of error coram nobis. White v. State, 159 Miss. 207, 131 So. 96.

But the appellee says that the judgment sought to be set aside was void, should be treated as non-existent and therefore the justice of the peace had the right to proceed with the case as if the judgment had never been rendered. It is unnecessary for us to determine whether a justice of the peace has this power, for the judgment rendered is not void.

As hereinbefore stated, the trial in the court below should have been de novo, the judgment there rendered superseding that of the justice of the peace, and should have been that the petition be dismissed, leaving the original judgment rendered by the justice of the peace in the same force and effect it had when the petition for setting it aside was filed. Such will be the judgment here rendered.

So ordered.