PATTERSON, Justice.
On May 8, 1973, Mrs. Sandra Faye Beall filed suit for a divorce from her husband, Glenn Edward Beall, in the Chancery Court of the First Judicial District of Hinds County. By her bill she sought, in addition to a divorce upon the grounds of habitual cruel and inhuman' treatment, the custody of the parties’ two minor children, the use of the home and the possession of the defendant’s automobile. Mr. Beall, the defendant below and appellant, here, denied the charges of habitual cruel and inhuman treatment in his answer "and by cross bill sought a divorce from his wife upon the ground of adultery. He also sought the custody of the two minor children, the use of the home and the automobile. The case was tried on August 6 and 9, 1973, and taken under advisement by the court on August 10, 1973.
More than six months having passed with no adjudication or decree from the trial court, Mr. Beall filed an appeal to this Court by the provisions of Mississippi Code Annotated section 11-1-17 (1972). Since he initiated the appeal, this Court has jurisdiction by the terms of the statute and his status is that of an appellant.
We do now what the trial court should have done within a reasonable time following the conclusion of the hearing in that court.
The evidence reflects that the Chancery Court of the First Judicial District of Hinds County had jurisdiction of the parties and of the subject matter before it since both parties were residents of the First Judicial District of Hinds Coun *708 ty. By Mississippi Code Annotated section 11-1-17 (1972) this Court likewise has jurisdiction.
A review of the record clearly reflects that Mrs. Sandra Faye Beall, the ap-pellee, is notoriously guilty of adultery and that it was uncondoned by her husband. He is therefore granted a divorce from his wife, Mrs. Sandra Faye Beall.
This same evidence persuades us that he is the proper person to have the care and custody of Glenn Edward Beall, Jr., now age seven, and Angela Hope Beall, now age four, their children. Their custody is therefore awarded to the father with the right of reasonable visitation being granted their mother.
There being insufficient evidence from the record ‘for a determination of the possessory rights to the house, automobile and other personal property, the cause is remanded to the docket of the Chancery Court of the First Judicial District of Hinds County for further evidence to be adduced and for a decree thereon.
We note, though unnecessary to this opinion, that due to the passage of time since the former trial, there may be such change in circumstance that would affect the custody of the children and, if this be true, further hearing may be had relating to their best interest.
In sum, Glenn Edward Beall is hereby awarded a divorce from Sandra Faye Beall on the ground of adultery. Custody of Glenn Edward Beall, Jr. and Angela Hope Beall is hereby awarded to their father with the right of reasonable visitation granted to their mother and the cause is remanded for further proceeding as to the property of the parties. It is further directed that a copy of this opinion be spread upon the minutes of the Chancery Court of the First Judicial District of Hinds County, Mississippi, to be effective as a decree of divorce.
We have considered the motion challenging the constitutionality of Section 11-1-17 and conclude it to be without merit.
Divorce granted and case remanded for further proceedings in accord with this opinion.
GILLESPIE, C. J., RODGERS, P. J., and INZER, SMITH, SUGG and BROOM, JJ., concur.