BROOM, Justice.
Temporary special field rules allowing an eighty acre spacing pattern for oil wells in the Johnston Station Field in Pike and Lincoln Counties were adopted by the Oil and Gas Board Order No. 147-73 (Docket No. 67-73-161) dated June 28, 1973, upon petition of appellant Biglane. Upon separate concurrent petition of Biglane of same date, the Board by Order No. 148-73 (Docket No. 68-73-161) reformed the drilling unit for the Gall-Brown Well from an original forty acre drilling unit to an eighty acre drilling unit to comply with the temporary special field rules which established the eighty acre spacing. On appeal, the Circuit Court of the First Judicial District, Hinds County, reversed the Board’s Order No. 148-73 which reformed the Gall-Brown Well unit to an eighty acre permit to comply with the temporary special field rules, but the court declined to rule upon whether Order No. 147-73 (which established the eighty acre spacing pattern) was valid. The circuit judge stated in his opinion that the question was moot as to the eighty acre temporary special field rules because the Board’s order establishing such rules expired in March 1974. The circuit judge’s order further provided that his remand to the Board was temporary until March 20, 1975.
We hold that the issue with reference to the special field rules was not mooted and that the circuit court to which the matter had been appealed should have ruled upon that portion of the cause as well as .all justiciable issues properly presented. To hold otherwise would provide a means whereby the judiciary could be effectively deprived of its duty and responsibility to review adjudications or orders of administrative tribunals simply because they are fixed so as to expire before an appeal can be prosecuted to completion.
As indicated in the briefs on file herein, the parties experienced difficulty in deciphering the meaning of the judge’s opinion incorporated by reference into his final judgment which stated that the Board’s Order No. 147-73 “is affirmed as of March 20, 1974,” and then stated: “This does not necessarily mean” that the “court affirms” the Board’s order of June 28, 1973. The quoted language of the opinion of the circuit judge causes the matter to be determined here uncertain and accordingly we remand. Miss.Code Ann. § 11-3-7 (1972); Woods-Tucker Financial Corp. v. Kirkland, d/b/a Carpet Cleaners of Mississippi, 276 So.2d 694 (Miss.1973).
Therefore, this entire cause is remanded to the circuit court which shall decide each justiciable issue presented, including but not limited to:
1. Whether the special field rules (establishing eighty acre spacing pattern in Johnston Station Field) were within the authority of the Oil and Gas Board to *472 make, thereby amending- statewide Rule 7 on spacing;
2. Whether the special field rules created island acreage in violation of statewide Rule 7(b);
3. Whether the evidence revealed by the record which was heard by the Board supported ordering and promulgation of the special field rules.
Therefore, this cause is remanded for further proceedings by the circuit court which shall make more definitive findings and orders consistent with this opinion.
Remanded with directions.
GILLESPIE, C. J., and PATTERSON, INZER, SMITH, ROBERTSON, and WALKER, J J., concur.