399 So.2d 1358 (1981)
W. Gus BEANE
v.
Chalmas E. BOWDEN, III.
No. 52586.
Supreme Court of Mississippi.
June 3, 1981.
Rehearing Denied July 8, 1981.
*1359 Howard Q. Davis, Jr., Clark, Davis & Belk, Indianola, for appellant.
Charles C. Jacobs, Jr., Jacobs, Griffith, Pearson, Eddins & Povall, Cleveland, for appellee.
En Banc.
PATTERSON, Chief Justice, for the Court:
W. Gus Beane, d/b/a Beane Cotton Company, brought suit in the Circuit Court of Sunflower County; and thereafter the cause was transferred to the Circuit Court of the Second Judicial District of Bolivar County. Beane sought judgment on a debt of $28,748.60 together with interest at the rate of 6 percent per annum from July 24, 1970, and all costs. This debt arose from a joint venture entered into between Gus Beane  Appellant, and Chalmas E. "Pete" Bowden, Jr., now deceased and father of Appellee, Chalmas E. "Skip" Bowden, III. Beane alleged Skip Bowden and his late father were doing business as a partnership at the time the joint venture was entered into between Beane Cotton Co. and Bowden Cotton Co. Hence Beane seeks to hold Skip Bowden liable on half the debt incurred by the joint venture between the two cotton companies. Skip Bowden denied the existence of a partnership at the time the joint venture was agreed upon and thus asserts non-liability for the debt incurred by his father and Beane.
The case was tried to the court and taken under advisement on January 4, 1978. Judge Feduccia died on October 27, 1978, prior to deciding the case. More than six months having passed with no adjudication, Beane appealed to this Court pursuant to the provisions of MCA § 11-1-17 (1972). Although over a year elapsed between the death of the trial judge and the bringing of this appeal, we consider the case on its merits, albeit with reservations, because appellee did not challenge the jurisdiction of this Court to conclude the case.
We do now what the trial court should have done within a reasonable time following submission of the case and the filing of *1360 briefs. See Beall v. Beall, 310 So.2d 706 (Miss. 1975). The status of Beane is that of an appellant, and he assigns four errors for the court's determination.
I. Appellee Chalmas E. (Skip) Bowden, III was, in fact, a partner in the firm known as Bowden Cotton Company, but if not, he held himself out as a partner to the public in such manner that he should now be estopped to deny that he was a partner.
II. Even were Chalmas E. (Skip) Bowden, III not a partner in Bowden Cotton Company, his actions following the death of his father were sufficient to cause him to be indebted to W. Gus Beane, Appellant.
III. The action is not barred by Section 729 of the Mississippi Code of 1942 (now Section 15-1-29 of the Mississippi Code of 1972).
IV. The action is not barred by Section 264 of the Mississippi Code of 1942 (now Section 15-3-1 of the Mississippi Code of 1972) as being a verbal agreement intended to be carried out over a period of time in excess of fifteen months.
Beane and Pete Bowden, appellee's father, entered into a joint venture agreement, speculative in nature, whereby Beane, a cotton merchant, would purchase cotton and Pete Bowden, d/b/a Bowden Cotton Co., would class and ship the cotton. This oral agreement of 1966 had no definite date for its termination. It was Beane's understanding that the joint venture was between the two cotton merchant companies, Bowden Cotton Co. and Beane Cotton Co. Pete Bowden died in April 1968, at which time the joint venture was $5000 in debt.
Appellant contends Skip Bowden was, in fact, a partner in the firm known as Bowden Cotton Co.; and if he was not a partner, he has held himself out as a partner to the general public in such a manner that he should be estopped to deny it. We do not reach the estoppel issue; for it is our opinion the evidence, both oral and written, heavily preponderates to the conclusion that Skip Bowden was, in fact, a partner in Bowden Cotton Company and thus is liable for half the debts of the joint venture between Beane Cotton Company and Bowden Cotton Company.
A partnership is defined in MCA § 79-12-11 (Supp. 1980) as "an association of two (2) or more persons to carry on as copartners a business for profit." Although Skip Bowden denies he was a partner but was only employed as a cotton classifier, the documentary evidence positively shows that Bowden received profits from the Bowden Cotton Company in 1966 and 1967, prior to Pete Bowden's death. On Skip Bowden's 1966 and 1967 federal income tax returns, his occupation is listed as a cotton merchant with no salary reported as income. His income is listed as that of a partnership, specifically: "C.E. Bowden, Jr. & C.E. Bowden, III, Joint Venture, d/b/a Bowden Cotton Co." This constitutes prima facie evidence that he was a partner in the business, for MCA § 79-12-13(4) (Supp. 1980) provides that "receipt by a person of a share of the profits of a business is prima facie evidence that he is a partner in the business, ... ."
We are also of the opinion that the fact Pete Bowden acted on his own when entering into the joint venture agreement with appellant would not make Skip Bowden any less liable because this Court has long recognized the principle that one partner, acting alone, can bind the other partner, if it is within the scope of the partnership. Picone v. Commercial Paste Co., 215 Miss. 114, 60 So.2d 590 (1952); Baker v. Connecticut General Life Ins. Co., et al., 196 Miss. 701, 18 So.2d 438 (1944).
It is not necessary to consider the second assignment of error because of our determination from the record that Skip Bowden was a partner in Bowden Cotton Co.
Turning to appellant's third assignment of error that the action is not barred by MCA § 729 (1942), presently MCA § 15-1-29 (Supp. 1980), this statute provides:
§ 15-1-29. Limitations applicable to actions on accounts and unwritten contracts.

*1361 Except as otherwise provided in the Uniform Commercial Code, actions on an open account or account stated not acknowledged in writing, signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three (3) years next after the cause of such action accrued, and not after, except that an action based on an unwritten contract of employment shall be commenced within one (1) year next after the cause of such action accrued, and not after.
We think the oral agreement is not void under the three year statute of limitations. This was a mutual, open account between cotton merchants, and the statute of limitations did not begin running until the "true date of the last item proved in the account." MCA § 15-1-31 (1972). Based on the declaration and proof, the last transaction was on July 24, 1970. Although the exact date of the filing of the declaration is not ascertainable from the record, a subsequent motion to transfer by appellee was dated December 12, 1972. We are of the opinion this would place the filing of Beane's declaration well within the three year statute of limitations.
Appellant also assigns as error that the action is not barred by MCA § 264 (1942), presently MCA § 15-3-1 (1972), as being a verbal agreement intended to be carried out over a period of time in excess of fifteen months. We are of the opinion that appellant's contention is correct for "the possibility of performance within fifteen months takes the contract out of the operation of the statute." Morgan v. Jackson Ready-Mix Concrete, 247 Miss. 863, 157 So.2d 772 (1963); See also Jones v. McGahey, 187 So.2d 579 (Miss. 1966).
Here, the oral contract was of an indefinite duration and susceptible of performance within 15 months, thus removing it from the statute of frauds. In addition, the statute of frauds does not apply where a contract has been performed by both parties. The present joint venture agreement was substantially performed. E.g., Landry v. Moody Grishman Agency, Inc., 254 Miss. 363, 181 So.2d 134 (1965).
We reverse and render judgment for appellant in the amount of $28,748.60, together with interest at the rate of 6 percent per annum from July 24, 1970, until paid, and all costs.
REVERSED AND RENDERED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.