415 So.2d 695 (1982)
Ray GLENN and Deborah P. Glenn
v.
David HERRING and Laurel Federal Savings and Loan Association, and Kalford C. Ratcliff, Trustee.
No. 53035.
Supreme Court of Mississippi.
June 9, 1982.
*696 J. Ronald Parrish, Laurel, for appellants.
Pack, Ratcliff & Ratcliff, Kalford C. Ratcliff, Laurel, Collins & Collins, Wyatt Collins, Ellisville, for appellees.
En Banc.
SUGG, Presiding Justice, for the Court:
The chancellor took this case under advisement but did not render an opinion within six months so appellant, who was complainant in the trial court, appealed under the provisions of section 11-1-17 Mississippi Code Annotated (1972).
All chancellors or judges of the chancery and circuit courts of the state of Mississippi shall render their final decree on any and all matters taken under advisement by such chancellors or judges not later than six (6) months after the date when same are taken under advisement or not later than six (6) months after the date on which the chancellors or courts or judges set as a date for the final brief or memoranda of authority is required to be filed on or as to the cause taken under advisement, whichever is the latest date after the date on which the cause or case is taken under advisement.
In the event a final decree has not been entered within the six months period hereinbefore referred to, then any party to said law suit shall have the right to appeal on the record as otherwise provided the same as if a final decree has been rendered adversely. Said appeal shall be to the supreme court of the state of Mississippi and shall be treated as a preferred case over other cases except election contests.
Section 11-1-17 does not deal with substantive law but is a procedural statute enacted by the legislature to require trial judges to render opinions and issue judgments in matters taken under advisement so that litigation can be finally terminated. In Newell v. State, 308 So.2d 71 (Miss. 1975) we held the following:
We are keenly aware of, and measure with great respect, legislative suggestions concerning procedural rules and they will be followed unless determined to be an impediment to justice or an impingement upon the constitution. The inherent power of this Court to promulgate procedural rules emanates from the fundamental constitutional concept of the separation of powers and the vesting of judicial powers in the courts. Matthews v. State, 288 So.2d 714 (Miss. 1974); Gulf Coast Drilling & Exploration Co. v. Permenter, 214 So.2d 601 (Miss. 1968); and Southern Pacific Lbr. Co. v. Reynolds, 206 So.2d 334 (Miss. 1968), wherein the following is stated:
... The phrase "judicial power" in section 144 of the Constitution includes the power to make rules of practice and procedure, not inconsistent with the Constitution, for the efficient disposition of judicial business. 206 So.2d at 335.
(308 So.2d at 76)
The statute has a laudable purpose, but experience with appeals under the statute leads us to the conclusion that it has not achieved the purpose intended for the following reasons. First, there is no time limit within which an appeal must be taken under the statute so a final decision in any given case may be delayed for an indefinite period. Second, a party using the statute in an effort to obtain a decision must incur the expense of prepaying the trial record and the appellate costs in this Court. Third, parties are reluctant to appeal in cases involving primarily a factual issue because the party taking the appeal is placed in the artificial position of appealing, "as if a final decree had been rendered adversely." Fourth, some parties are reluctant to appeal under the statute because they do not want to incur the displeasure of a trial judge. Fifth, issues of fact would be decided by this Court as a trial court rather than an appellate court.
*697 We have also expressed reservation about the statute on jurisdictional grounds because it requires this Court to act as a trial court contrary to Section 146 of the Mississippi Constitution of 1890. In Beane v. Bowden, 399 So.2d 1358 (Miss. 1981) we stated:
Although over a year elapsed between the death of the trial judge and the bringing of this appeal, we consider the case on its merits, albeit with reservations, because appellee did not challenge the jurisdiction of this Court to conclude the case. (399 So.2d at 1359)
In several cases we have spoken to the jurisdiction of this Court as a court of appeals under Section 146 of the Constitution of 1890. In Railroad Co. v. Dodd, 105 Miss. 23, 61 So. 743 (1913) we held:
The jurisdiction which properly belongs to a court of appeals includes only such as is of a revisory character, and necessarily implies that the matter revised must be a judicial decision, rendered by a tribunal clothed with judicial power.
... .
The rule herein announced has the sanction of the great name of Story, for in section 1761 of the second volume of the fourth edition of his Commentaries on the Constitution he used this language: "The essential criterion of appellate jurisdiction is that it revises and corrects the proceedings of a case already instituted, and does not create that cause. In reference to judicial tribunals, an appellate jurisdiction, therefore, necessarily implies that the subject-matter has been already instituted in and acted upon by some other court, whose judgment or proceedings are to be revised. This appellate jurisdiction may be exercised in a variety of forms, and, indeed, in any form which the Legislature may choose to prescribe; but still the substance must exist before the form can be applied to it. (105 Miss. at 43, 44; 61 So. at 743, 744)
Railroad Co. clearly teaches that appellate jurisdiction necessarily implies that the subject matter must have been acted upon by the tribunal whose judgment or proceedings are to be reviewed. In the case at bar the trial court has not rendered a judicial decision on the subject matter of the case, so there is no judgment to be reviewed on appeal.
In Yazoo & Mississippi Valley R.R. Co. v. Wallace, 90 Miss. 609, 43 So. 469 (1907) this Court held that Section 4910 of the Code of 1906 was unconstitutional. In holding the statute unconstitutional the Court stated:
This statute is plainly unconstitutional and void. It is for the benefit of plaintiffs. It shuts out defendants from having complete and final disposition of their rights in a forum provided by the organic law for all, and into which they have been forced by plaintiffs. It compels them to appeal, which otherwise they might not wish to do, and then concludes with a clause, as a salve, by attempting, in the very face of the constitution, to give the supreme court original, instead of mere appellate, jurisdiction. It works only against the defendant litigant. If the verdict against him be for too much, he must bear the injustice; but note, if it be for too little, the favored plaintiff is not concluded, but may move for new trial. If the jury gave too much, by a miscalculation of the amount due on a promissory note, the defendant must suffer or appeal. He must do this, even if the verdict be without any sort of support in the evidence. No other than the monstrous conclusions above indicated can be drawn from this act. (90 Miss. at 614, 615, 43 So. at 470)
Section 11-1-17 shuts out all parties in a case from having a complete and final disposition of their rights in a trial forum provided by the organic law. If a matter is taken under advisement and is not acted on in the trial court, it compels an appeal, which a party might not wish to take if a decision had been rendered, and in the face of the constitution, attempts to give the Supreme Court original, instead of appellate, jurisdiction.
In White v. State, 159 Miss. 207, 131 So. 96 (1930), appellant was convicted of a crime and appealed to this Court. He then *698 filed in the circuit court a petition for writ of error coram nobis based upon the ground of newly discovered evidence. At the conclusion of a hearing on a petition the trial court directed the court reporter and the clerk to make a supplementary record of the testimony and forward it to the Supreme Court to become a part of the record in the case then on appeal. This Court sustained the motion of the state to strike the evidence presented on the petition for writ of error coram nobis, holding:
The circuit court having declined to pass on the application for the writ, this court is without jurisdiction to review its action in that respect. Under section 146 of the Constitution, the Supreme Court is an appellate court, and not a court of original jurisdiction. The circuit court cannot "abdicate any part of its judicial functions or duties in favor of the Supreme Court, or of any other court." St. Louis & S.F.R. Co. v. Bridges, 156 Miss. 206, 125 So. 423, 426. (159 Miss. at 211, 131 So. at 97)
When a trial court fails to render a decision on any matter presented to it, it abdicates a part of its judicial function. Section 11-1-17 then seeks to elevate the abdication of the judicial function by a trial court to the status of a judicial decision unfavorable to the appealing party to be reviewed by this Court.
From the above cases it is clear that the function of trial courts is to render decisions in matters presented to them, and the function of this Court is to review and revise, if necessary, judicial decisions of inferior tribunals.
Section 146 of the Constitution confers upon this Court appellate jurisdiction. Appellate jurisdiction, of necessity, includes issuance of such incidental procedural orders or writs necessary to enable this Court to fully exercise its appellate jurisdiction. At a very early age in the history of the Republic, the United States Supreme Court in Cohens v. Virginia, 19 U.S. (6 Wheat.) 264, 5 L.Ed. 257 (1821), speaking through Chief Justice Marshall, recognized that, "[A] writ of prohibition or any other similar writ is in the nature of appellate process." [19 U.S. (6 Wheat.) at 397, 5 L.Ed. at 289] Recognizing that writs of prohibition, writs of mandamus, or other similar writs are aids to the appellate process, we have held that this Court has jurisdiction to issue writs of mandamus and writs of prohibition to inferior courts as an aid to the appellate process. State v. Maples, 402 So.2d 350 (Miss. 1981); Woods v. Lee, 390 So.2d 1010 (Miss. 1980); Boydstun v. Perry, 249 So.2d 661 (Miss. 1971). The writ of mandamus is an aid to the appellate process, because by it, the appellate court directs an inferior tribunal to take some action so its judicial decision may be reviewed on appeal.
We embrace the purpose of the statute but are of the opinion it impinges on Section 146 of the Constitution. However, the result sought by the legislature can be obtained without requiring this Court to function as a trial court by the issuance of a writ of mandamus from this Court directing a trial court to render a decision in matters taken under advisement. Accordingly, we hereby adopt Supreme Court Rule 47 authorizing any party in a case to apply to this Court for a writ of mandamus to issue to an inferior court to require such court to render a decision on matters taken under advisement so the decision of the inferior court may be reviewed on appeal to this Court.
RULE 47
If a trial judge in a civil case fails to render an opinion, ruling or finding within six months after taking a case under advisement or deferring such ruling or finding, any party in the case may apply to the Supreme Court for a writ of mandamus to compel the trial judge to render a decision on the matter taken under advisement or deferred. Application for a writ of mandamus must be made within forty-five (45) days after the expiration of six months from the date the case was taken under advisement by the trial judge.
However, in cases taken under advisement by a trial judge before May 15, *699 1982, in which no opinion is rendered within six months after the date the case was taken under advisement, any party in such cases shall have until December 31, 1982 to apply for a writ of mandamus.
If the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice. If a party who has filed a counterclaim or a cross-claim fails to apply for a writ of mandamus within the time prescribed, the counterclaim or cross-claim shall stand dismissed without prejudice.
Application for a writ of mandamus by the party who filed the original complaint shall not relieve the party who filed a counterclaim or cross-claim from applying for a writ of mandamus within the time prescribed. Neither shall the application for a writ of mandamus by the party filing a counterclaim or cross-claim relieve the party filing the original action from applying for a writ of mandamus within the time prescribed. The party filing a complaint and the party filing a counterclaim or cross-claim may join in the application for a writ of mandamus.
Rule 47 does not deal with substantive law but is purely procedural. We are of the opinion that it will aid in the efficient dispatch of the business of the courts of this state by providing a means whereby a final decision may be obtained by any party within a prescribed time. The rule cures the deficiencies of the statute in the following manner.
First, the rule fixes a definite time within which application for the writ can be made enabling any party in a case to obtain a final decision within the time prescribed.
Second, neither party would be forced to appeal in order to obtain a decision thereby incurring the expense of prepaying the costs for a trial record.
Third, parties applying for the writ would not be placed in the same position as an appellant under the statute who must appeal, "[A]s if a final decree had been rendered adversely."
Fourth, parties would be required to apply for a writ of mandamus to save a dismissal of their case, so when a party applies for the writ, they would not thereby incur the displeasure of a trial judge because the trial judge would know that the party was forced to apply for the writ to avoid a dismissal of the case.
Fifth, in cases where a counterclaim or a cross-claim had been filed, the counterclaimant would have the same responsibility as the original party to file an application for a writ of mandamus. This would avoid a waiting game between the original complaining party and the counterclaiming party because both would be required to file in order to avoid a dismissal of their respective claims.
Sixth, issues of fact would be decided by the trial court instead of this Court acting as a trial court contrary to the provisions of Section 146 of the Constitution.
We therefore dismiss the appeal. Any of the parties may apply for a writ of mandamus under Rule 47, and upon a final decision by the trial court, all costs including costs of this appeal shall be assessed in accordance with law and the equities of the case.
After decision in this case by the trial court either party may appeal, and the present record may be used in such appeal. If an appeal is taken by either party after a decision by the trial court, it will be necessary to supplement the present record with the finding of facts and decree of the trial court.
In his dissent, Justice Dan Lee suggests that Supreme Court Rule 47 is not necessary because this Court has authority to remand a case under section 11-3-7 Mississippi Code Annotated (1972) where no decision has been rendered by a trial court. This suggestion overlooks the fact that cases may be remanded under 11-3-7 for an additional finding of fact or for further proceedings only where a final judgment has been appealed from. We have remanded cases under the statute only when a final judgment was appealed from. Illustrative of this principle is Edwards v. Lumber Co., *700 92 Miss. 598, 46 So. 69 (1908), in which this Court stated:
We therefore think that the decree of the court was erroneous, and we should in consequence enter a final decree here; but, owing to the fact that another point is made in the case, which is that the writ of garnishment was never served on the appellees as a matter of fact, and the chancellor made no finding as to this, and as we are simply a revisory court, and cannot either reverse or affirm on a matter not acted on, this case must be reversed, and also remanded. (92 Miss. at 602; 46 So. at 70)
Furthermore, in Biglane Operating Co. v. Brown, 322 So.2d 470 (Miss. 1975), we remanded that case for a decision on certain issues set forth in the opinion. This case was an appeal from a final judgment and the trial judge held that one question in the case was moot. We held that the question was not moot, and although we did not use the magic word "reversed," when we disagreed with the trial judge and held that the question was not moot, this constituted a reversal.
In the case before the Court, the trial judge did not act on the matters presented by the pleadings and the evidence and did not render a final judgment. As stated in Edwards, supra, "[W]e are simply a revisory court and cannot either reverse or affirm on a matter not acted on."
It is also suggested that Rule 47 will increase the expense of litigation and in the words of the dissent, "We are using extremely heavy and expensive artillery to kill a gnat." The converse is true. Without Rule 47, the only way parties may obtain a decision in a matter not acted upon by a trial judge is by appeal to this Court, which is time consuming and expensive. An appeal requires appellant to prepay the cost of a trial transcript and the filing fee in this Court, and requires both appellant and appellee to incur the expense for preparation of briefs. Rule 47 does away with the delay and expenses incident to an appeal and substitutes a simple, inexpensive, and expedient procedure invoking the authority of this Court to require a trial court to promptly render a decision on matters taken under advisement.
APPEAL DISMISSED AND CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM and HAWKINS, JJ., concur.
BOWLING and ROY NOBLE LEE, JJ., dissent.
DAN M. LEE, J., dissents.
BOWLING, Justice, dissenting:
I am inclined to agree with the majority opinion in the result reached in its analysis of Mississippi Code Annotated, Section 11-1-17 (1972). I am firmly convinced, however, that the majority is going about solving the question in the wrong way; that is, adding a new "Supreme Court Rule" to hold that a legislative statute is void.
I have thought since the final passage of the amended statute, effective August 7, 1968, that certain amendments should be made thereto. The majority opinion lists areas in which the statute could and should be improved. The opinion then goes on to make an attempt to declare the statute unconstitutional, although it never comes right out with a positive statement to that effect. The opinion states that the majority is taking the action because the statute is "procedural" rather than "substantive". With deference, I do not see how this statement can possibly be correct. The statute involves jurisdiction of courts over certain cases. Under the terms of the statute, the trial court has jurisdiction at certain times and this Court has jurisdiction at certain times. This was made clear in Riley v. Richardson, 258 So.2d 419 (Miss. 1972), where the Court said:
"After the appeal taken as aforesaid, the lower court had no jurisdiction to enter any opinion or decree." The status of the case in Riley was exactly the same as in the case sub judice.
*701 In Beall v. Beall, 310 So.2d 706 (Miss. 1975), there was an appeal under the statute in question and the Court, through now Chief Justice Patterson, stated:
More than six months having passed with no adjudication or decree from the trial court, Mr. Beall filed an appeal to this Court by the provisions of Miss. Code Ann., Section 11-1-17 (1972). Since he initiated the appeal, this Court has jurisdiction by the terms of the statute and his status is that of an appellant.
The fact that a jurisdictional question is involved was again mentioned by the Court through Chief Justice Patterson in Beane v. Bowden, 399 So.2d 1358 (Miss. 1981). A slightly different situation was involved but the same statute was used because of the death of the trial judge after the case had been submitted to him and taken under advisement. The Court, in accepting jurisdiction, stated:
Although over a year elapsed between the death of the trial judge and the bringing of this appeal, we consider the case on its merits, albeit with reservations, because appellee did not challenge the jurisdiction of this Court to conclude the case.
Neither the jurisdiction of this Court, nor the possible unconstitutionality of the statute in question, was raised by the parties in the present appeal. The majority just decided to raise these questions on their own motion and adopt another rule, rather than follow, what I humbly say is, the proper procedure. We should bear in mind that this new rule is a Supreme Court Rule and not an addition to the new Rules of Civil Procedure. There is no express directive that Section 11-1-17 is hereinafter void, which surely will result in much confusion.
Each year the Court advises the Legislature on statutes the Court thinks should be amended or deleted. This advice has been placed in the records of the Court each year. I have checked each year's recommendations since the passage of MCA, § 11-1-17, as it now reads, and I find that this Court has never suggested to the legislature any amendments to said section.
I have heretofore discussed my opinion that Section 11-1-17 is substantive law. Surely, any statute that deals with jurisdiction of courts is substantive rather than procedural.
There was no request by the parties in the present appeal to declare the statute in question unconstitutional, and as stated by Chief Justice Patterson for the Court in Beane, supra, we should not consider any constitutional or jurisdictional question "because appellee did not challenge the jurisdiction of this Court to conclude the case." Not only was jurisdiction not challenged in the case sub judice, there was no indication whatever of any intent to raise a constitutional issue. As hereinbefore stated, although these topics were discussed in the majority opinion, Section 11-1-17 is "still in the books."
I firmly believe that the vast majority of the bar and the juridicary are of the opinion that amendments should be made to the statute in question. I believe the majority opinion is correct in its analysis of the defects in the statute. With deference, however, I do not believe that the changes in the statute should be handled by another court rule. In my humble opinion, the changes attempted to be made by the majority opinion should be done as in previous years. We should request that at the next session of the legislature that it should amend Section 11-1-17 to include the results reached in the majority opinion as well as any other amendments suggested by the bar to the legislature or the members of that body whose duty and responsibility it is to make, amend, change or delete substantive law.
ROY NOBLE LEE, J., joins in this dissent.
DAN M. LEE, Justice, dissenting:
Finding that I am unable to agree, I most respectfully dissent for the following reasons. The majority opinion herein cites as a basis for its authority to pass rules and strike statutes duly passed by the legislative branch of government, the case of Newell *702 v. State, 208 So.2d 71 (Miss. 1975). I do not believe that it was the intent of the Newell Court to allow the striking of such statutes in the manner proposed here. The Newell Court dealt with a procedural problem which was not specifically addressed by statute. Here, the majority proposes to ignore a state statute, namely, Mississippi Code Annotated section 11-1-17 (1972), by enacting a supreme court rule. The end product is that we will have a supreme court rule and a statute dealing with the same subject, which are diametrically opposed. For this Court to hold that proposed Supreme Court Rule 47 will prevail over section 11-1-17 will only serve to confuse the lawyers, court clerks, support personnel of the judicial system, and, of course, the general public.
Indeed, proposed Rule 47 in its present form defeats the very purpose for which the judicial system exists. It requires a litigant to pay a lawyer to file his lawsuit and then pay a larger fee for the attorney to file a writ of mandamus in the Supreme Court to obtain a decision in the original lawsuit in the trial court due to the trial judge's failure to act on the suit within six months. Litigation breeds litigation to the detriment and expense of the litigant. The proposed rule even goes further and provides that if the party filing the suit does not file a petition within forty-five days after the expiration of the six-months period, the complaint shall be dismissed without prejudice.
Surely, there is a shorter, cheaper and better solution. For instance, remand the cause to the chancellor pursuant to Mississippi Code Annotated section 11-3-7 (1972) and provide in the order for a decision from the chancellor within sixty or ninety days. section 11-3-7 provides as follows:
The supreme court shall hear and determine all cases properly brought before it at the return term, unless cause be shown for a continuance; and in case the judgment, sentence, or decree of the court below be reversed, the supreme court shall render such judgment, sentence, or decree as the court below should have rendered, unless it be necessary, in consequence of its decision, that some matter of fact be ascertained, or damages be assessed by a jury, or where the matter to be determined is uncertain; in either of which cases the suit, action or prosecution shall be remanded for a final decision; and when so remanded, shall be proceeded with in the court below according to the direction of the supreme court, or according to law in the absence of such directions. (emphasis ours).
This statute grants this Court ample authority to remand the case to the court below according to the directions of the Supreme Court. All this Court has to do is to place in the order a time limitation, which I suggest would be sixty or ninety days, for the lower court to reach a decision. Either of the parties, if aggrieved, could then appeal the final decision to this Court. In accord, Edwards v. Kingston Lbr. Co., 92 Miss. 598, 46 So. 69 (1908); Biglane Operating Co. v. Brown, 322 So.2d 470 (Miss. 1975).
The majority opinion in this case does not deal with the question in a simple, inexpensive way. Rather it proposes to make a mountain out of a molehill and adds a new supreme court rule to the present rules of this Court. If such a rule is to be proposed on this subject, it would have to be under the new Mississippi Rules of Civil Procedure pertaining to the trial courts. Certainly, most trial practitioners and judges will not look to the rules of the Mississippi Supreme Court to find a remedy for the trial judge's failure to render timely decisions. Most, if not all, lawyers and trial judges are under the impression that the rules of the Supreme Court are for the internal operation of the Supreme Court only as distinguished from statutory law or the Mississippi Rules of Civil Procedure.
If a rule is to be passed by this Court that will have the effect of overriding and taking the place of section 11-1-17, a legislative act duly passed by the legislature, then such rule would have to be submitted to the legislative branch of government pursuant to Senate Bill 2714 passed by the Mississippi Legislature during the 1982 session and effective as of March 3, 1982.
*703 One of the problems that brought about Senate Bill 2714 was this Court's action in adopting Rules of Civil Procedure on May 26, 1981, which had the effect of striking several hundred statutes of the State of Mississippi that were duly passed by the legislature without specifically naming the statutes affected thereby. This placed the trial judges, court clerks and the support personnel in the courthouses in the dubious position of being faced with rules that are directly in conflict with statutes passed by the legislature. This dilemma was thought to be resolved by the legislative branch of government, after consultation with the judicial branch and members of this Court, by passing Senate Bill 2714 which gave the Court the right to promulgate rules of procedure while at the same time providing that the rules be submitted to the legislative branch of government for its disapproval of any particular rule.
I concur and agree with Senate Bill 2714 and under the terms thereof will agree that this Court does have rulemaking authority. I refuse to take advantage of that part of the bill which gives this Court the rulemaking power, and ignore other provisions of the bill which require that the rules be submitted to the legislative branch of government for its disapproval of any particular rule that this Court may adopt.
Rules of civil procedure are for the most part beneficial to the lawyers and the courts, but the public will pay the bill therefor. Perhaps, proposed Rule 47 is well intentioned; however, the reason that lawyers and judges exist is to serve the general public in resolving legal problems arising out of living in an ever-increasing complex society that causes conflicts between members of the public with each other, the public with federal, state, county or municipal government, or governmental agencies. Do we want to choke the system down so that it increases the expense of litigation to the general public? To do so defeats the very purpose of the legal system itself and, therefore, the system fails.
Albeit well intentioned, the terms and expense of the proposed new Rule 47 will defeat the very purpose for which it was created. Worse, because of the expense, a litigant may be denied access to the very system that is set up for the resolution of his legal problems.
Rule 47 is as follows:
If a trial judge in a civil case fails to render an opinion, ruling or finding within six months after taking a case under advisement or deferring such ruling or finding, any party in the case may apply to the Supreme Court for a writ of mandamus to compel the trial judge to render a decision on the matter taken under advisement or deferred. Application for a writ of mandamus must be made within forty-five (45) days after the expiration of six months from the date the case was taken under advisement by the trial judge.
However, in cases taken under advisement by a trial judge before May 15, 1982, in which no opinion is rendered within six months after the date the case was taken under advisement, any party in such cases shall have until December 31, 1982 to apply for a writ of mandamus.
If the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice. If a party who has filed a counterclaim or a cross-claim fails to apply for a writ of mandamus within the time prescribed, the counterclaim or cross-claim shall stand dismissed without prejudice.
Application for a writ of mandamus by the party who filed the original complaint shall not relieve the party who filed a counterclaim or cross-claim from applying for a writ of mandamus within the time prescribed. Neither shall the application for a writ of mandamus by the party filing a counterclaim or cross-claim relieve the party filing the original action from applying for a writ of mandamus within the time prescribed. The party filing a complaint and the party filing a counterclaim or cross-claim may join in the application for a writ of mandamus.
*704 Proposed Rule 47 contains an unreasonably short time for filing an application for a writ of mandamus. The rule provides that it be filed within forty-five days after expiration of the six months from the date the case was taken under advisement by the trial judge. The rule further provides that if the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice.
Forty-five days is far too short a time to allow a litigant or his attorney to apply for a writ of mandamus.
That portion of Rule 47 which states that "if the party who filed the original complaint fails to apply for a writ of mandamus within the time prescribed, the complaint shall stand dismissed without prejudice" will not have the salutary effect that is mentioned in the opinion of the Court; that is, that the trial judge will know that the party asking for the writ of mandamus was compelled to do so by Rule 47 and therefore, will not be aggravated with the party seeking the writ of mandamus.
Additionally, that part of proposed Rule 47 which provides, "the complaint shall stand dismissed if a writ of mandamus is not applied for within forty-five days" has serious constitutional problems in that it does not provide for notice to dismiss prior to actual dismissal to litigants or attorneys as required by due process of law. It will be said that the rule provides for a dismissal "without prejudice;" however, serious due process questions arise if it is dismissed without prejudice and the statute of limitations runs in the interim, thereby precluding refiling of the lawsuit. This is only one example of the problem.
The rule would seem to have a chilling effect upon a litigant's access rights to the judicial system because the judicial system itself fails to render a decision within six months, but if the system, or the judge, does not render such a decision, then the litigant would have his complaint dismissed without notice. The law giveth, and the rule taketh away without notice. Certainly, that portion of the proposed rule deals with substantive law and is not purely procedural.
If this Court proceeds the long way around, in an attempt to pass such a rule as that proposed in the opinion, it should proceed to do so as part of the Mississippi Rules of Civil Procedure in accordance with Senate Bill 2714. However, in that event, we are using extremely heavy and expensive artillery to kill a gnat. In my opinion, the most direct and positive way to deal with this question would be for the Court to proceed and decide the appeal on its merits by remanding the case to the chancellor with directions to make a finding of fact and render a final decision within the time limit fixed by the order of this Court pursuant to section 11-3-7.