KITCHENS, Justice,
dissenting:
¶ 22. Article 6, Section 146, of the Mississippi Constitution gives the Legislature authority to expand this Court’s jurisdiction by general law, but only for the per *249 formance of such functions as properly belong to a court of appeals. Article 6, Section 146, of the Mississippi Constitution reads, in pertinent part: “[t]he Supreme Court shall have such jurisdiction as properly belongs to a court of appeals and shall exercise no jurisdiction on matters other than those specifically provided by this Constitution or by general law.” “[Ajppel-late jurisdiction necessarily implies that the subject matter must have been acted upon by [a] tribunal whose judgment or proceedings are to be reviewed.” Glenn v. Herring, 415 So.2d 695, 697 (Miss.1982). A decision of the full Commission, however, is not equivalent to a final judgment of a court. Thus, under Mississippi Code Section 71-3-51 (Rev. 2011), this Court would not be exercising jurisdiction that “properly belongs to a court of appeals” in reviewing decisions of the Workers’ Compensation Commission, which is an administrative agency, not a court. See Miss. Const, art. 6, § 146. Direct appeals to the Mississippi Supreme Court from the Commission are inconsistent with our constitutionally mandated authority.
¶ 23. “This Court has long since recognized that the legislature may constitutionally create administrative agencies and confer upon such agencies fact finding and quasi-judicial powers....”[28] Walters v. Blackledge, 220 Miss. 485, 506-07, 71 So.2d 433, 440 (Miss.1954). “Although exercising quasi-judicial powers,” such administrative agencies “do not have the final authority to decide and to render enforceable judgments .... ” Id. at 439 (citation omitted). There can be no execution, garnishment, or other collection action upon an order of the full Commission for the payment of money unless an employer defaults in the payment of compensation due an employee pursuant to a decision of the Commission. Miss.Code Ann. § 71-3-49 (Rev. 2011). Only then is the Commission’s decision enforceable by means of an entry of judgment by the circuit clerk of the county in which the injury occurred or of the county where the employer’s principal place of business is located. Id.
¶ 24. In 1984, an amendment to Article 6, Section 146, of the state Constitution granted the Legislature the authority to confer original jurisdiction upon this Court over appeals from a particular administrative agency. “The Legislature may by general law provide for the Supreme Court to have original and appellate jurisdiction as to any appeal directly from an administrative agency charged by law with the responsibility for approval or disapproval of rates sought to be charged the public by any public utility to accord to the Legislature the power to convey by general law.” Miss. Const, art. 6, § 146. This amendment, approved at the polls by the people of Mississippi, constitutionally established the only authority by which the Legislature, by general law, may confer original jurisdiction upon this Court with respect to appeals from governmental entities other than courts. Clearly, this authority pertains only to the Public Service Commission, not to the Workers’ Compensation Commission.
¶ 25. Finally, Section 71-3-51, as amended in 2011, is a statute similar to those struck down in Glenn v. Herring, 415 So.2d 695 (Miss.1982); and Illinois Central Railroad Company v. Dodd, 105 Miss. 23, 61 So. 743 (Miss.1913). In Herring, 415 So.2d at 697, this Court invalidated a statute which: (1) required a ehancel- *250 lor or judge to issue a final decree six months after the later of either the date the matter was taken under advisement or the date set for final briefing or memoran-da of authority; and (2) provided the right to direct appeal to the Supreme Court should the trial court fail to issue a final decree within six months. A party appealing was to proceed “as if a final decree [had] been rendered adversely.” Id. In striking down the statute, this Court reasoned that, without a final judgment in the court below, we would be acting, not as an appellate court, but as a trial court, which ran afoul of Article 6, Section 146, of the state Constitution. Id. at 698. This Court concluded: “[I]t is clear that the function of trial courts is to render decisions in matters presented to them, and the function of this Court is to review and revise, if necessary, judicial decisions of inferior tribunals.” Id. In support of this premise, the Herring Court reasoned:
[Illinois Central Railroad Company v. Dodd, 105 Miss. 23, 61 So. 743 (Miss.1913)] clearly teaches that appellate jurisdiction necessarily implies that the subject matter must have been acted upon by the tribunal whose judgment or proceedings are to be reviewed. In the case at bar the trial court has not rendered a judicial decision on the subject matter of the case, so there is no judgment to be reviewed on appeal.
Herring, 415 So.2d at 697.
¶ 26. Just as in Herring, Section 71-3-51 would authorize direct appeal of the instant case from the full Commission, bypass the circuit court, and impermissibly require this Court to review an administrative determination that is in nowise a judicial decision. Under the previous version of Section 71-3-51, the circuit court has always served as the proper “intermediate court of appeals” for decisions of the full Commission. See Smith v. Jackson Const. Co., 607 So.2d 1119, 1124 (Miss.1992); Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991); Hardin’s Bakeries v. Dependent of Harrell, 566 So.2d 1261, 1264 (Miss.1990). This Court distinguished the role of the circuit court from that of this Court in Dodd, 61 So. at 745, as follows: “jurisdiction of the circuit court is very different from that of this [C]ourt. It may be that [the circuit court] was properly given the jurisdiction to review by certiorari the quasi judicial acts of a tribunal exercising quasi judicial powers.”
¶ 27. Since “appellate jurisdiction necessarily implies” that this Court’s proper role “is to review and revise, if necessary, judicial decisions of inferior tribunals,” and no judicial decision of a lower court has occurred in the instant case, Section 71-3-51 impermissibly would require this Court to act as a court of original jurisdiction. See Herring, 415 So.2d at 698. The Attorney General attempts to distinguish Herring from the instant case by arguing that, while Herring struck down a statute conferring original jurisdiction upon the Supreme Court over trial court matters where a final judgment had not been entered, this case involves a statute that seeks to confer appellate jurisdiction on this Court over final decisions of an administrative, nonjudicial agency. Section 71-3-51 cannot and does not impose appellate jurisdiction upon this Court. As such, Herring is not distinguishable from the case sub judice.
¶ 28. In Dodd, 105 Miss. 23, 61 So. 743 (Miss.1913), this Court struck down a statute which permitted direct appeal to this Court from any order of the Railroad Commission. In so doing, this Court reasoned:
“[A]ppellate jurisdiction,” spoken of in the Constitution, is that kind of appellate jurisdiction which had theretofore been exercised by the highest judicial *251 tribunals of the respective states, and not an unlimited appellate jurisdiction over any matter or thing arising either in courts or out of courts which the wisdom or folly of any future Legislature might see fit to confer or impose upon it.
Id. at 743. In Dodd, the Court’s analysis looked to the statute that had created the Railroad Commission, which the Court found had promulgated the existence of a “mere administrative agency” and had not conveyed to the Railroad Commission “the power to apply the law to a state of facts and to make a final declaration of the consequences which follow....” Id. at 744. The Dodd Court held that a decision of an administrative agency is not sufficient to confer jurisdiction upon the Supreme Court. Id. at 743. “The fact that there has been a decision ... is not sufficient; but there must have been a decision by a court clothed with judicial authority and acting in a judicial capacity.” Id. (citation omitted). Ultimately, the Supreme Court found that a statute aimed at conferring jurisdiction on this Court to review the validity of a decision of an administrative agency such as the Railroad Commission had the effect of calling upon the Court to “render an advisory opinion to one of the other departments of the state government,” which the state Constitution prohibits this Court’s doing. Id. at 745.
¶29. Sysco and the Attorney General argue that the Dodd decision is distinguishable because the statute at issue in that case allowed a direct appeal to this Court from the Railroad Commission, which was a rule-making agency charged with setting tariffs and rates (a legislative function, not a quasijudicial function). I fail to find Dodd distinguishable. While the full Commission is quasijudicial in nature and, thus, is imbued with some indicia of a court of record, its orders are not decisions rendered “by a court clothed with judicial authority and acting in a judicial capacity.” Dodd, 61 So. at 743.
¶ 30. The state Constitution does not provide the Legislature the authority to confer jurisdiction over direct appeals from the Commission to this Court. Our jurisdiction is “not an unlimited appellate jurisdiction over any matter or thing arising either in courts or out of courts which the wisdom or folly of any future Legislature might see fit to confer or impose upon” this Court. Dodd, 61 So. at 743. Consequently, this Court does not have jurisdiction over Johnson’s direct appeal. As such, the proper disposition is to dismiss this appeal. Otherwise, the Supreme Court of Mississippi will become the first, last, and only court to pass upon this and all future Mississippi workers’ compensation cases in which appeals from the Commission are taken.
WALLER, C.J., CARLSON, P.J., AND CHANDLER, J., JOIN THIS OPINION.

. Given that I would characterize the Commission as a quasijudicial body, I reject the majority’s conclusion that, in passing Section 71-3-51, the Legislature created an inferior court under Article 6, Section 172, of the Mississippi Constitution when it granted the Commission the power and authority to make decisions that are “conclusive and binding.”